**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GARY STARR,**

Plaintiff,

v.

**METRO SYSTEMS, INC., a Minnesota corporation, and DEBORAH MASANZ,**

Defendant.

---

Civil No. 01-1122 (MJD/JGL)

**ORDER**

APPEARANCES

Robert J. Bruno, Esq., for Plaintiff Gary Starr

E. Lynette Stafford, Esq., for Defendant Metro Systems, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on April 4, 2002, on Plaintiff's Motion to Compel Discovery (Doc. No. 11). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This case is an employee benefits case. Plaintiff Gary Starr ("Starr") alleges that Defendants Metro Systems, Inc. ("Metro") and Deborah

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Masanz failed to provide him and his daughter with notice of their right to elect to continue their insurance coverage under 29 U.S.C. § 1166 after Metro terminated Starr's employment. Starr also seeks penalties under 29 U.S.C. § 1132(c).

In this motion to compel, Starr moves the Court for an order compelling Metro to produce two categories of documents: (1) Metro's state and federal tax returns from June 9, 1997 to the present, and (2) federal FUTA Forms 940 filed by Defendants from June 9, 1997 to the present. Starr asserts that Metro's financial condition is relevant to determine the penalty under 29 U.S.C. § 1132(c). If the District Court decides a penalty is appropriate, it will exercise its discretion in determining the amount of the penalty, and Starr believes that the court would need to consider Metro's financial condition .

Metro responds that its financial condition would not be relevant to a determination of the amount of the penalty. Furthermore, Metro suggested at the hearing that it would be able to pay the maximum penalty, which is $100.00 a day for each day of delayed compliance, and that discovery of its financial condition is therefore unnecessary.

## II. DISCUSSION

Parties may discover information "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In the context of discovery,

"relevant" has been defined "reasonably calculated to lead to the discovery of admissible evidence." Id.

There is no dispute that the penalty is both punitive and deterrent in nature. Starr contends that the financial condition of the employer must be considered in order to effect the punitive and deterrent purpose of the statute. While Starr's position may be logical, it is not based in applicable law. Rather, factors to be considered when assessing the amount of a 29 U.S.C. § 1132(c) penalty are prejudice to the plaintiff and the plan administrator's conduct. See Wilson v. Moog Auto., Inc. Pension Plan & Trust for U.A.W. Employees, 193 F.3d 1004, 1010 (8th Cir. 1999); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 948 (8th Cir. 1999) (citations omitted). This Court has found no precedent wherein a court considered the financial condition of the employer, and none of the cases cited by Starr indicate that an employer's financial condition is a factor in determining the amount of the penalty. See Glocker v. W.R. Grace & Co., No. 94-1789, 1995 WL 600468, at **3-4, 5 (4th Cir. Oct. 12, 1995) (indicating that the "amount needed to suitably punish the administrator" is determined by the degree of prejudice to the plaintiff and whether the administrator acted in bad faith); Villagomez v. AT&T Pension Plan, No. 90-C-2620, 1991 WL 21178, at *2 (N.D. Ill. Feb. 13. 1991) (considering prejudice and the administrator's conduct, while noting only

parenthetically after the analysis that "AT & T is a large company with millions of dollars in resources").

In conclusion, the Court finds that Starr has not shown that the documents he seeks are relevant to the determination of the penalty provided by 29 U.S.C. § 1132(c). However, the District Court has not yet determined whether a penalty is warranted in this case. If the District Court reaches that inquiry, nothing in this Order shall foreclose it from considering information about Metro's financial condition if the District Court in its discretion deems it relevant. Accordingly, Starr's motion to compel discovery is **DENIED WITHOUT PREJUDICE**.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. No. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff's request for an award of costs and fees is **DENIED.**

Dated: April 5, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge