UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

v.

Civil No. 01-1122 (JNE/JGL)
ORDER

Metro Systems, Inc. a Minnesota corporation, and Deborah Masanz,

Defendants.

---

Robert J. Bruno, Esq., Bruno Law Office, appeared for Plaintiff Gary Starr.

Peter G. Van Bergen, Esq., Cousineau, McGuire, & Anderson, appeared for Defendants Metro Systems, Inc. and Deborah Masanz.

---

Plaintiff Gary Star, individually and on behalf of his daughter, Gabrielle Cotton, brought this case against his former employer, Metro Systems, Inc. (Metro), and Metro's vice-president, Deborah Masanz, (collectively, Defendants). Starr alleges Defendants violated the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C. §§ 1161-1169 (2002), by failing to provide Cotton with adequate notice of her continuation of coverage rights under COBRA after Metro terminated Starr. The case is before the Court on Starr's motion for summary judgment. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Metro is a Minnesota corporation that sells office furniture. From June 9, 1997 through February 24, 2000, Starr worked for Metro as a refurbisher of used and damaged furniture. During that time, Metro had an established employee welfare benefit plan (Plan) as required by the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1000-1461 (2002). Masanz was the Plan's designated administrator, and she was responsible for providing employees with notice of their rights to continue coverage under COBRA. From May 1998 through February 24, 2000, Starr was enrolled in the Plan, under which he received medical and dental coverage for himself and Cotton. Cotton is Starr's minor daughter, and he has both legal and physical custody of her.

Metro terminated Starr on February 24, 2000. Defendants assert that on March 3, 2000, Masanz mailed to Starr's last known address a COBRA notice that described Starr's and Cotton's election rights for continuation of coverage under COBRA. Starr asserts that neither he nor Cotton received the notice. Consequently, they never made any election to continue their benefits under the Plan. Metro terminated Starr's and Cotton's coverage under the Plan in June 2000.[1] In August 2000, Cotton's appendix ruptured. She had surgery and later experienced complications associated with her ruptured appendix. The medical expenses associated with Cotton's appendectomy and complications totaled $116,187.86.

In June 2001, Starr filed a Complaint in this Court, alleging that Defendants are liable for failing to provide timely notice to Cotton of her rights to elect continuation of coverage as required under 29 U.S.C. § 1166. He seeks reimbursement from Defendants for the medical expenses incurred, as well as statutory penalties under 29 U.S.C. § 1132. He now asserts that he is entitled to summary judgment for four separate reasons: (1) there was no separate notice for Cotton; (2) Cotton did not receive the notice; (3) Defendants' failed to keep adequate records; and (4) the alleged notice sent was insufficient to allow Cotton to elect to continue her coverage. The Court will consider each in turn.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A. Separate Notice for Cotton

With COBRA, Congress amended ERISA to require that covered group health insurance plans "provide . . . that each qualified beneficiary who would lose coverage . . . as a result of a qualifying event is entitled . . . to elect . . . within the election period . . . continuation coverage under the plan." 29 U.S.C. § 1161(a). A qualified beneficiary is "any other individual who, on the day before the qualifying event for that employee is a beneficiary under the plan . . . as the dependent child of the employee." 29 U.S.C. § 1167(3)(A)(ii). Termination of employment is a qualifying event. 29 U.S.C. § 1163(2). After a qualifying event, COBRA requires that the plan administrator provide a qualified beneficiary with notice to elect to continue coverage. 29 U.S.C. §

---

[1] Coverage was to expire in April 2000, but Metro extended coverage for an extra 60 days.

1165(1). After notice is given to a qualified beneficiary, the beneficiary has to elect to continue coverage within the election period, which in this case is 60 days from the date of the notice. 29 U.S.C. § 1165(1)(C)(ii).

The parties do not dispute that no separate COBRA continuation of rights notice was sent to Cotton. Starr asserts that Cotton, as a qualified beneficiary, was entitled to a separate notice of COBRA continuation rights under section 1166. In response, Defendants assert that a single notice sent to a covered employee that refers to other qualified beneficiaries living in the same household is sufficient to satisfy section 1166.

No section of COBRA addresses the issue of whether a minor child living with a covered employee is entitled to a separate COBRA notice following an employee's termination, and few cases discuss the issue. The Court is persuaded by the discussion of the issue in *Conery v. Bath Associates*, 803 F. Supp. 1388 (N.D. Ind. 1992). In *Conery*, the court considered whether three children received sufficient COBRA notices when the employer sent one notice to the employee's home. *Conery*, 803 F. Supp. at 1399. Although the three children had previously lived with the employee, who was their father, he had failed to inform his employer that one child had moved away to college and one child had moved in with her mother at a different address. *Id*. Using a good faith standard, the *Conery* court concluded that the notice sent to the covered employee was sufficient to give notice to the employee's children. *Id*. Specifically, the court concluded, "[a] single notice sent to a household containing more than one beneficiary is reasonably calculated to inform all qualified beneficiaries living at that address of their COBRA rights if the notice allows all beneficiaries to elect coverage." *Id*; *see also McDermott v. Town of Windham Pub. Schs*, 225 F. Supp. 2d 180, 184 (D. Conn. 2002) (concluding that sending a notice discussing "family coverage" to an employee and the minor children living in the same residence was sufficient to comply with

COBRA's notice requirements).

The Eighth Circuit Court of Appeals has not addressed the issue of whether a single COBRA notice mailed and addressed to a covered employee constitutes notice to a minor child living with that employee.[2] Instead, it has held that whether a COBRA notice under section 1166 is sufficient is a question of fact that involves determining whether the notice was sufficient to allow the qualified beneficiary to make an informed decision whether to elect coverage. *See Chesnut v. Montgomery*, 307 F.3d 698, 702 (8th Cir. 2002). In *Chesnut*, the Eighth Circuit explained that "the standard for determining whether a § 1166(a)(4) notice was sufficient should not be defined with any greater particularity" because COBRA cases often involve different beneficiaries with differing needs for information. *Id*. Moreover, the Eighth Circuit has noted with approval the use of a good faith standard in determining whether a COBRA notice was sufficient. *See e.g., Geissal ex rel. Estate of Geissal v. Moore Medical Corp*., 338 F.3d 926, 934 (8th Cir. 2003); *Chesnut*, 307 F.3d at 702.

In light of the Eighth Circuit's approval of the use of a good faith standard in determining whether a COBRA notice was sufficient and the persuasive discussions in *Conery* and *McDermott*, the Court concludes under the facts of this case that there is no COBRA requirement entitling Cotton—a minor child living in the same household as her father—to a separate COBRA notice. Accordingly, the Court denies Starr's motion for summary judgment insofar as it relates to Cotton's

---

[2] Contrary to Starr's assertion, the Eighth Circuit did not address this issue in *Fink v. Dakotacare*, 324 F.3d 685 (8th Cir. 2003). In that case, the child was a student who was not living with her mother, a former employee of the defendant. *Fink*, 324 F.3d at 688. The Eighth Circuit explained that the child who had her own qualifying event—ceasing to be a covered dependent child because she withdrew from an accredited educational institution—was entitled to a "notice of *her* rights." *Id*. at 692 (emphasis added). The Eighth Circuit also did not address this issue in *Chesnut v. Montgomery*, 307 F.3d 698 (8th Cir. 2002). That case involved COBRA notice issues related to spouses, not minor children. *Chesnut*, 307 F.3d at 702.

right to receive a separate COBRA notice.

**B. Cotton's Receipt of the Notice**

Starr next asserts that he is entitled to summary judgment because "it is undisputed that the Dependent did not receive a COBRA election form." To support this assertion, Starr relies on statements in his own affidavit, Cotton's affidavit, and Starr's significant other's affidavit that no notice was received at the Starr residence.[3] COBRA requires that Masanz, as the plan administrator, give notice to a "qualified beneficiary" of a "qualifying event." 29 U.S.C. § 1166(4)(A). The law presumes that a letter properly addressed, stamped, and mailed was received by the person to whom it was addressed. *See Hagner v. United States*, 285 U.S. 427, 431; *Phillips v. Riverside*, 796 F. Supp. 403, 407 (E.D. Ark. 1992) (discussing mailing presumption in COBRA context). Masanz testified how she prepared the notice, to which address she sent the notice, and where she placed the notice to be picked up to be mailed. Starr is unable to contradict this testimony except to say that the notice was never received. Viewing this evidence in the light most favorable to Defendants, a reasonable fact-finder could conclude that Starr and Cotton received the notice.

Starr also asserts that he is entitled to summary judgment because the Plan's booklet contains a statement that the Plan's election period begins 60 days from "the date you or your Dependent *receives* the COBRA election forms." (emphasis added). Because Cotton has not received the

---

[3] Starr also relies on a statement made in Defendants' Answer, in which they state that they are "without knowledge or information sufficient to form a belief as to the whether Plaintiff Gabrielle Cotton has or has not received a notice." "If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Fed. R. Civ. P. 8(b). Thus, the statement on which Starr relies is merely Defendants' denial of Starr's assertion that Cotton did not receive a COBRA notice. Accordingly, Starr's reliance on this statement is unavailing.

notice, Starr asserts that the 60-day time period has yet to begin. Specifically, he contends that the statement in the Plan's booklet is a broad interpretation of COBRA section 1165 to which Defendants should be bound. COBRA provides that the election period for a qualified beneficiary is 60 days after the date of the notice that was sent to "any qualified beneficiary who *receives* notice." 29 U.S.C. § 1165(a)(1)(C)(ii) (emphasis added). The Court discerns no meaningful difference between the Plan's election period and the election period stated in section 1165. Therefore, because a reasonable fact-finder could conclude that Starr and Cotton received the notice and because the Plan does not broaden the section 1165 election period, the Court denies Starr's summary judgment motion insofar as it relates to receipt of the notice.

**C. Defendants' Record Keeping**

ERISA requires employers to maintain records "sufficient to determine the benefits due or which may become due to [its] employees." 29 U.S.C. § 1059. It also imposes a record-keeping requirement on plan administrators. *See* 29 U.S.C. § 1027. In this way, both the employer and plan administrator are required to maintain records showing when a notice under section 1166 is given to a particular employee. *See Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 727 (8th Cir. 1995); o*verruled on other grounds, Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002).

Defendants have failed to produce a record of the actual notice sent to Starr. Instead, they have produced four versions of the notice that was allegedly sent. In addition, they have submitted a report by a computer forensics expert that explains that Masanz's computer contains a file named "Starr.Cobra.doc" that was created on March 3, 2000, the date on which Masanz testified she sent the notice to Starr. Relying on *Stanton,* Starr contends that he is entitled to summary judgment because Defendants' failure to keep adequate records shifts the burden of presumptive receipt upon

mailing away from Defendants and towards Starr. He asserts that Defendants now have the burden of proving that Starr and Cotton actually received the COBRA notice. Because Defendants cannot establish actual receipt, Starr argues that he is entitled to summary judgment.

*Stanton* involved a dispute over whether a COBRA notice was physically given to an employee during a meeting with the employer's plan administrator. *Stanton*, 52 F.3d at 725-26. Neither the employer nor the plan administrator kept records of the notice that was allegedly given during the meeting. *Id*. Following a bench trial, the district court decided to resolve the equipoise evidence of whether the notice was given against the party with the burden of proof. *Id*. at 727. Because the defendant employer and administrator had failed to keep adequate records as required by COBRA, the district court determined that the defendants had the burden of proving whether the COBRA notice was actually given. *Id*. at 728. The Eighth Circuit affirmed the district court's decision to shift the burden of proof away from the employee to the defendants. *Id*. at 729.

Unlike *Stanton*, this case involves a COBRA notice that was allegedly mailed to Starr. As the Eighth Circuit explained, *Stanton* is "unlike the cases involving mailing of a properly addressed . . . COBRA notice, because those cases involve a presumption of receipt that is not applicable here." *Id.* at 729. Accordingly, Starr's reliance on *Stanton* is misplaced. Therefore, while Defendants' record keeping is not model, the Court denies Starr's motion insofar as it relates to record keeping because Defendants' burden with respect to proof upon mailing remains unchanged.

**D. The Sufficiency of the Alleged COBRA Notice**

Assuming the COBRA notice was sent and received, Starr's final summary judgment argument involves the sufficiency of the notice. He asserts that he is entitled to summary judgment because the alleged notice was a confusing and incorrect statement of Cotton's COBRA rights. In response, Defendants argue that the notice sent provided sufficient information upon which Cotton could elect to continue her coverage.

As discussed above, whether a notice under section 1166 is sufficient is a question of fact that involves determining whether the notice was sufficient to allow the qualified beneficiary to make an informed decision whether to elect coverage. *Chesnut*, 307 F.3d 702. In this case, the notice refers in several places to "you" only, is addressed to Starr, and includes only one form for the COBRA beneficiary (apparently Starr) to sign and complete. However, the notice also refers to "you and/or your covered Dependents," lists a monthly premium for "employee or single Dependent coverage only," and includes a check-off box to select to continue coverage for "me" or "dependent(s)." Viewing this evidence in the light most favorable to the Defendants, a reasonable fact-finder could conclude that the notice was sufficient to allow Cotton to make an informed decision to elect coverage. Accordingly, the Court denies Starr's motion insofar as it relates to the sufficiency of the notice.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Starr's Motion for Summary Judgment [Docket No. 28] is DENIED.

Dated: August 10, 2004

S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge