**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122 (JNE)**

---

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

Metro Systems, Inc., a Minnesota corporation, and Deborah Masanz,

Defendants.

**TRIAL BRIEF OF DEFENDANTS METRO SYSTEMS, INC. AND DEBORAH MASANZ**

---

Defendants Metro Systems, Inc. and Deborah Masanz submit this brief for the Court's consideration at the trial of the above matter. Specifically, Defendants submit this Trial Brief in order to address an issue raised by Plaintiffs for the first time at the Pre-Trial Conference held on January 21, 2005. That is, whether a COBRA notice mailed to an address containing an incorrect zip code is still considered "properly addressed" such that the burden to prove non-receipt of the notice still rests with Plaintiffs at trial.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Gary Starr worked for Metro Systems, Inc. from June 9, 1997 through February 24, 2000 when his employment was terminated. Starr's termination on February 24, 2000 was a "qualifying event" entitling him and beneficiary, Gabrielle Cotton, to notice of their right to continue medical coverage under the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C. §§1161-1169 (2002). The evidence will show that Deborah Masanz created a COBRA

notice and election form on March 3, 2000 and mailed them to Plaintiffs at 1871 Silverbell Road, Apt 308, Eagan, Minnesota 55112.

Despite the fact that the letter never came back to Defendants marked as undeliverable, Plaintiffs commenced the above lawsuit claiming that Defendants failed to provide them with adequate notice of their right to continued coverage under COBRA and, consequently, that they are entitled to reimbursement for the medical expenses incurred when Starr's daughter, Gabrielle Cotton, underwent surgery for a ruptured appendix in August 2000. Plaintiffs, in fact, brought before this Court a motion for summary judgment based, in part, upon their claim that they never received the required notice and election form from Defendants. Plaintiffs' motion was denied.

In denying Plaintiffs' motion for summary judgment, the Court recognized in its Order dated August 10, 2004 that, "[t]he law presumes that a letter properly addressed, stamped, and mailed was received by the person to whom it was addressed." Order, p.6. The Court further held that, "Defendants' burden with respect to proof upon mailing remains unchanged." Order, p.8.

Subsequent to the issuance of this Order, however, Plaintiffs' raised for the first time at the Pre-Trial Conference held on January 21, 2005, the fact that the address to which the notice was sent on March 3, 2000 contained the wrong zip code.[1] Plaintiffs do not contend that any other part of the address was improper. It is, however, Plaintiffs' position that by including an incorrect zip code in the address to which the notice was sent, the notice and election form were not "properly addressed" and that the Defendants therefore bear the burden of proving actual receipt by Plaintiffs.

[1] The correct zip code was 55122.

## LAW AND ARGUMENT

**I. Notice mailed to a proper recipient at a correct street address, city and state is "properly addressed" even though an incorrect zip code is used. Such notice is, therefore, presumed to have been received by the person to whom it was addressed and the burden to prove non-receipt of such properly addressed mail in the present remains with Plaintiffs at trial.**

The issue of what constitutes "properly addressed" mail appears to be one not yet addressed by the Eight Circuit Court of Appeals. A recent decision from the United States Court of Appeals for the Federal Circuit, however, offers guidance on this issue.

In *Santoro v. Principi*, 274 F.3d 1366 (2001), Santoro sought to preserve his right to appeal a decision from the Board of Veterans' Appeals by sending the required notice to the Court of Appeals for Veterans Claims. Santoro, however, used an incorrect zip code in the address and the notice was misdelivered. Because the applicable federal statute provided that a notice of appeal is deemed received on the date the notice is postmarked "if the notice is *properly addressed*" and mailed, the court was required to determine the very issue presented in this case; whether the use of an incorrect zip code rendered the mailing improperly addressed.

The court rejected the notion that "properly addressed" means an address that is flawless or perfect. In doing so, the court considered the plain meaning of the words and "the overwhelming body of precedent" to conclude that an address is proper so long as it enables (not guarantees) the mail to be delivered to its intended destination. The court explained:

> Construing the statutory term according to its normal usage, a "proper" address would be "characterized by appropriateness or suitability" for its intended purpose. *The American Heritage Dictionary of the English Language* (4th ed. 2000). The purpose of an address is to supply information for delivery of mail to its intended destination. Hence an address containing errors inconsequential to delivery is still proper.

*Id*. at 1370. Use of an incorrect zip code, the *Santoro* court held, was an inconsequential error that does not preclude a notice from being properly addressed. *See Id*. at 1370 (providing citations to cases from multiple jurisdictions that have held that the lack of a zip code or an incorrect zip code does not preclude mail from being "properly addressed").

Such finding was further supported by the fact that the United States Post Office's own manual provides that deliverable mail need not contain a zip code at all. *Id*. (citing the Domestic Mail Manual ("DMM"), Section A010). Similar reasoning was cited with approval in *Pickering v. Comm'r of Internal Revenue*, 75 T.C.M. (CCH) 2152 (1998)):

> According to the [United States Postal Service Domestic Mail Manual], the address may include the name of the recipient, the rural route and box number, the city, and State. It is recommended that ZIP code be used. However, **the ZIP code number is <u>not</u> a requirement for proper delivery**, but is for the convenience of the Postal Service and is helpful to ensure prompt delivery. In our view, the typing of the incorrect 5-digit ZIP code on the notice and mailing envelope is a de minimus error not fatal to a notice of deficiency.

*Id*. (citing *Watkins v. Comm'r*, T.C. Memo. 1992-6) (emphasis added).[2]

As in *Santoro*, the only erroneous information contained within the address used by Defendants to mail Plaintiffs notice of their right to a continuation of coverage under COBRA was the zip code. Such information was, however, not required at all in order for the notice to be deliverable and, consequently, the error was inconsequential and did not render the address used by Defendants improper.

---

[2] A zip code is required for certain types of mailings (e.g. Express mail, presorted mail, official/penalty mail), none of which apply to the present case. *See* DMM, Section A010.1.2 attached to Affidavit of Peter Van Bergen as Exhibit A. This distinction was just recently recognized by the Ninth Circuit Court of Appeals in *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008 (2003), wherein the court held that a deportation notice sent from the INS using an incorrect zip code was not "properly directed" since, as penalty mail, the DMM specifically requires zip codes. Even under those facts, however, Circuit Judge Fernandez wrote a dissenting opinon in which he argued that the approach used in *Santoro*, and cases cited therein, should have been applied even to penalty mail.

It is also significant to note that in the present case there is absolutely no evidence, other than Plaintiffs' denial, that notice was not received. There is, for example, no evidence that the notice mailed on March 3, 2000 was ever returned as undeliverable or due to an improper address. *Cf. Leason v. Rosart*, 811 F.2d 1322, 1325 (9th Cir. 1987) (holding that despite denial of receipt, improper zip code does not preclude finding of receipt where notice not returned).

This claim of non-receipt is, however, one which the Plaintiffs must bear the burden of proof at trial. Defendants properly addressed the notice and election form and mailed it to Plaintiffs. And as this Court previously recognized in its Order, it must be presumed that this properly addressed, stamped and mailed notice was received by Plaintiffs. The burden therefore does not shift to Defendants to prove receipt by Plaintiffs.

## CONCLUSION

An incorrect zip code does not render an otherwise accurate address improper nor does it make the mailing undeliverable. The notice and election form sent to Plaintiffs in the present case was, therefore, properly addressed and the burden to prove non-receipt at trial rests with Plaintiffs.

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

Dated: January 26, 2005

By: s/Peter G. Van Bergen
PETER G. VAN BERGEN #112033
ANDREA E. REISBORD #22411X
TAMARA L. NOVOTNY #029617X
Attorneys for Defendants
1550 Utica Avenue South, Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

899146