**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122 (JNE)**

---

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

Metro Systems, Inc., a Minnesota corporation, and Deborah Masanz,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT**

---

Defendants Metro Systems, Inc. and Deborah Masanz submit this memorandum in response to Plaintiff Starr's proposed Finding of Fact, Conclusions of Law, and Order for Judgment. In doing so, Defendants do not wish to unnecessarily readdress issues that have already been quite thoroughly briefed and presented to the Court. Rather, Defendants submit this memorandum in order to respond to one new issue raised in Plaintiff's post-trial submissions.

Specifically, in Paragraph 20 of Plaintiff's proposed Findings of Fact, it is asserted, in part, that an adverse inference should be drawn from the fact that Defendants did not call Bill Meyers, Metro Systems, Inc.'s CFO, at trial even though he was listed as a possible witness. Because Plaintiff had an equal opportunity to subpoena and call Meyers to testify, Plaintiff cannot and should not benefit from an adverse inference simply because Defendants made the decision not to do so.

**LAW AND ARGUMENT**

Generally, under the absent witness rule, a party's failure to produce an important or key witness may create an inference that the witness' testimony would have been unfavorable to that party. *See Cowens v. Siemens-Elema AB*, 837 F.2d 817, 825 (8th Cir. 1988) (finding district court

properly refused to give inference instruction because the record did not reflect that the absent witness possessed relevant information). *See also, Boardman v. Nat'l Medical Enterprises*, 106 F.3d 840, 844 (8th Cir. 1997) (noting that inference is only appropriate if a party failed to call a key witness). The party seeking a negative inference bears the burden of demonstrating that the absent witness was important and possessed relevant information. *Id*. (considering also whether party that failed to call witness to testify as to a certain issue had the burden of proof on that issue).

Of most significance, the absent witness rule does not apply where the witness is equally available to both parties. *See Mammoth Oil Co. v. U.S.*, 275 U.S. 13 (1927) (cited in *Nat'l Labor Relations Bd. v. MDI Comm'l Services*, 175 F.3d 621, 632 (8th Cir. 1999). The Eight Circuit's view on this matter has been expressed as follows:

> We have serious doubt whether in a situation such as is presented here, where the witness was apparently equally available to both parties, any presumption should flow from the failure of either party to call such witness. Any rule creating a presumption from failure to produce a witness must be applied with caution.

*Jenkins v. Bierschenk*, 333 F.2d 421, 425 (8th Cir. 1964) (quoting *Shoenberg v. Comm'r*, 302 F.2d 416, 420 (8th Cir. 1962)). In affirming the district court's refusal to draw an adverse inference in *Jenkins*, the court noted not only that the witness was available to both parties but also that no discovery procedure had been employed with respect to the absent witness. The court then went on to explain:

> We adhere to our comment that any rule creating a presumption of this kind is to be applied with caution and we agree with the trial court that 'there must be a reason for such a supposition, and a factual area withing which it may logically operate. The supposition must rise above the level of mere possibility.'

*Id*. *See also*, *Nat'l Labor Relations Bd. v. MDI Comm'l Services*, 175 F.3d 621, 632-33 (8th Cir. 1999) (relying upon *Jenkins* when finding that adverse inference was not appropriate where

witnesses were available to both parties; one such witness could have been subpoenaed to testify and called as a hostile witness).

In the present case, Bill Meyers was equally available to Plaintiff if he wished to call him as a witness to testify as to whatever matters Plaintiff thought relevant. Despite having the ability to do so, Plaintiff, like Defendants, made the decision not to call Meyers. Plaintiff cannot now seek to benefit from this decision.

Having missed such opportunity, Plaintiff now asks the Court to infer that Meyers' testimony would have been unfavorable to Defendants. Plaintiff makes such request even though he really has no idea as to what material or relevant information Meyers may even have had to offer. While Plaintiff now seemingly tries to suggest to the Court that Meyers would naturally be expected to testify in this case, Plaintiff, in fact, never even thought it necessary to depose Meyers to see what information he actually possesses. And, consequently, Plaintiff neither called Meyers to the stand at trial nor did Plaintiff even ask Defendants to make Meyers available for testimony.

Because Meyers' testimony was equally available to Plaintiff and Defendants, an adverse inference cannot be drawn against Defendants due to their choice to not call Meyers as a witness at trial. And even if the legal authority did not necessitate such a conclusion, the fact remains that Plaintiff cannot satisfy its duty of establishing that Meyers had any important or relevant information on any particular issue; Plaintiff, after all, never even deposed Meyers in order to determine what information he might possess.

Finally, an inference based on mere speculation should not substitute for actual evidence. That evidence quite clearly established that Defendants met their statutory legal obligation to send a COBRA notice to Plaintiff. Thus, the evidence requires a judgment in Defendants' favor.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

Dated: February 22, 2005

By: s/Peter G. Van Bergen

PETER G. VAN BERGEN #112033
TAMARA L. NOVOTNY #029617X
Attorneys for Defendants
1550 Utica Avenue South, Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

905199