**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122(JNE)**

GARY STARR, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

METRO SYSTEMS, INC., a Minnesota corporation, and DEBORAH MASANZ,

Defendants.

**PLAINTIFF'S RESPONSIVE POST-TRIAL MEMORANDUM**

Plaintiff Gary Starr submits the following memorandum in response to the Defendants' Post Trial Memorandum and proposed order.

## I. Defendant's Testimony Of Mailing The COBRA Notice, Which Was Recanted At Trial During Cross-Examination, Is Insufficient To Support A Finding That Notice Was Given.

One of the dispositive legal issues in this case is which party bears the burden of proving by a preponderance of the evidence that the notice required by 29 U.S.C. Sec. 1166 was given. The burden is on the defendants as explained in Plaintiff's proposed Findings of Fact, paragraph 16, and the court decisions cited therein. Defendants have cited nothing to the contrary.

The sole evidence of mailing is the testimony of Deborah Masanz. On direct examination she testified that she recalled mailing the notice, but on cross-examination she admitted that she really didn't recall it specifically, but rather she assumes that she mailed it because of the date of the notice on her computer and her standard practices of mailing. No documentation or corroboration of the mailing exists or is maintained by the Defendants. Defendant Masanz' testimony about her recollection of the mailing is utterly contradictory. Her direct testimony that she recalled mailing the notice, in light of her admission under cross-examination that she didn't have such specific recollection, is perjured.

SCANNED
FEB 2 2 2005
U.S. DISTRICT COURT MPLS

A verdict based solely upon perjured testimony is erroneous. As a result, Defendant's have not met their burden of proof. Mr. Lanterman's expert testimony about the date of creation of one of the many COBRA notices for Gary Starr created and maintained by the Defendants does not establish mailing and is irrelevant.

Defendants' citation to Roberts v. National Health Corp., 963 F.Supp. 512 (D.S.Ca. 1997) for the proposition that mailing creates an unrebuttable presumption of receipt is inapposite because it is not the law of this circuit. The presumption of receipt by mailing is a rebuttable one in this circuit. See, Plaintiff's Proposed Findings of Fact, paragraph 16 and authorities cited therein. Furthermore, it is contrary to the broad reading given to COBRA in this circuit as remedial legislation. McGee v. Funderburg, 17 F.3d 1122 (8th Cir. 1993).

In addition, the Roberts decision does not avail the Defendants because it is undisputed that Defendants have no automated system that generates both the mailing of a COBRA notice and a "COBRA report," documenting the mailing of the notice, which were the two factors that the South Carolina district court relied upon in holding that the employer had met its notice and record-keeping obligations under ERISA.

## II. A COBRA Notice Containing An Erroneous Statement Of A Beneficiary's Rights Is Insufficient As A Matter Of Law.

It is axiomatic that a notice required to be given under 29 U.S.C. Secs. 1161 and 1166, must not only be understandable to allow an intelligent decision about whether to elect coverage, but must be a **correct** statement of the beneficiary's rights. Lincoln General Hosp. v. Blue Cross/Blue Shield of Nebraska, 963 F.2d 1136 (8th Cir. 1992) (This information **adequately** informed her of the coverage she was entitled to receive and the money that she owed in order to maintain this coverage.)

It is beyond dispute that the statements in all of the COBRA notices that have been created by the Defendants that a dependent is entitled to 36 months of continuation coverage, are

incorrect. Furthermore, it is contradicted by the subparagraph preceding it which states that the continuation period is 18 months. Although Defendants' Post Trial Memorandum makes the argument that "the notice fully complies with the law," id., p. 6, as Plaintiff pointed out in its proposed Finding of Fact, paragraph 23(B), there is no such 36 month provision in COBRA except for certain second qualifying events under 29 U.S.C. Sec. 1162(2)(A)(ii). Defendants have cited nothing to support their conclusion that the alleged COBRA notice "fully complies with the law."

It is also beyond dispute that the alleged COBRA notice does not contain a premium amount for medical, prescription, and dental coverage continuation, which the notice specifically states is available to the beneficiary. See, Findings of Fact, paragraph 23(A). The decision in Lincoln General, supra, requires that a premium be stated to allow an intelligent decision about election of coverage. Defendants have cited nothing to the contrary. As a result, the alleged COBRA notice does not satisfy the requirements of 29 U.S.C. Sec. 1166.

**CONCLUSION**

For all of the reasons stated above, and for the reasons argued in Plaintiff's Trial Memorandum, memoranda submitted in support of Plaintiff's motion for summary judgment, and those stated on the record during Plaintiff's final summation at trial, Plaintiff respectfully requests that the Court adopt the Plaintiff's proposed Findings of Fact, Conclusions of Law, and Order For Judgment.

Dated: February 18, 2005

Respectfully submitted,

Robert J. Bruno (#12415)
Attorney for plaintiff
1601 E. Highway 13, Suite 107
Burnsville, MN 55337
(952)890-9171