**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122 (JNE)**

---

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

Metro Systems, Inc., a Minnesota corporation, and Deborah Masanz,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW OBJECTING TO PLAINTIFF'S BILL OF COSTS**

---

Defendants Metro Systems, Inc. and Deborah Masanz submit this memorandum of law setting forth their objections to Plaintiff Starr's Bill of Costs brought pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §1920. Many of the costs sought by Plaintiff are simply not taxable costs under federal law, while other costs are sought in relation to proceedings in which Plaintiff was not the prevailing party. Therefore, of the $2,128.03 in costs Plaintiff seeks to tax against Defendants, at least $1,128.48 of these costs should be denied, for the reasons explained more fully below.

**LAW AND ARGUMENT**

Costs are awarded to a prevailing party under Federal Rules of Civil Procedure 54(d). The costs that may be awarded, however, are not without limitation as the United States Supreme Court has explained:

> We do not read that Rule [54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny * * * . Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation.

*Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) (quoted in *Paschall v. Kansas City Star Co.*, 695 F.2d 322, 338 (8th Cir. 1982)).

The specific costs taxable in federal cases are set out in 28 U.S.C. §1920. Generally, the court may not tax costs unless they are specifically listed in §1920, but the court does have the discretion to deny such costs when objections are raised. *See Hill v. Gonzalez*, 53 F.R.D. 1, 3 (D. Minn. 1971); *Fountain Trust Co. v. Kochell*, 36 B.R. 766, 768 (E.D. Wis. 1984) (finding that the language of §1920 must be strictly construed); *Embotelladora Agral Regiomontana, S.A. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 417 (N.D. Tex. 1997) (explaining that expenses may not be taxed if they are not listed in §1920); and Minn. Fed. R. Civ. P. 54(d) (providing that the costs allowed as a matter of course "unless court otherwise directs").

As to the specific costs requested by Plaintiff in this case, it is first quite apparent that the costs sought for "Photocopies of summary judgment documents" (a total of $427.80) must be denied since Plaintiff was not the prevailing party. Rather, Defendants were able to successfully defeat Plaintiff's motion for summary judgment, thereby requiring that the genuine issues of material fact be resolved at trial. Similarly, Plaintiff's request for $133.52 for "Service and filing post trial memoranda" must be denied since it has yet to be established whether he will prevail in such motions.

In relation to his unsuccessful summary judgment motion, Plaintiff also seeks to tax a total of $18.03 for "Postage for service and filing summary judgment motion." Again, such costs should be denied since Plaintiff was not the prevailing party. But even if Plaintiff had succeeded in his motion, postage is still not a taxable cost under 28 U.S.C. §1920. *See Fountain Trust Co. v. Kochell*, 36 B.R. at 768 (denying request to recover postage under §1920) and *Embotelladora Agral Regiomontana, S.A. v. Sharp Capital, Inc.*, 952 F.Supp. at 418 (explaining that, "Postage is not

included in section 1920 and is not recoverable as a cost"). Consequently, Plaintiff's request for a total of $8.78 for "Postage to mail copies of records to Glenna Mae O'Keefe" must also be denied.

Likewise, the amount paid for a "Process Server to serve Summons and Complaint" ($118.50) and to a "Courier service for delivery of Witness and Exhibit List, Trial Memorandum, etc. to the Court" ($48.35) are also nontaxable costs in federal court. The Eighth Circuit held in *Crues v. KFC Corp.*, 768 F.2d 230, 234 (1985), that the prevailing party could not recover the costs incurred for use a special process server since §1920 does not contain any provision allowing for such expenses. This still remains the law in the Eighth Circuit.[1] *See also Embotelladora Agral Regiomontana, S.A. v. Sharp Capital, Inc.*, 952 F.Supp. at 418 (finding that express delivery charges are also not taxable as litigation costs under §1920 but, rather, are overhead costs).[2]

Plaintiff also seeks to tax $255.00 for fees paid to "insurance claims expert Glenna Mae O'Keefe to examine health plan and determine coverage of medical expenses of Gabrielle Cotton." In general, the amount of fees recoverable for an expert witness are treated no differently than the statutory costs allowed for any other witness to attend trial under 28 U.S.C. §1821.[3] *See Paschall v. Kansas City Star Co.*, 695 F.2d at 338; *Crues s. KFC Corp.*, 768 F.2d at 234; *Hill v. Gonzalez*, 53 F.R.D. at 4. When an expert's testimony is deemed particularly crucial or indispensable to the resolution of the case, however, the court may tax costs above the ordinary witness fees. *Id*. But

---

[1] In 2002, the United States District Court for the District of Minnesota recognized that the Eighth Circuit might reach a different conclusion if presented with this question today but held that in absence of any contrary controlling authority, it was obligated to find private service fees are not taxable. *See Martino v. United States of America*, 2002 WL 459069 at *1 (D. Minn.).

[2] It should also be noted that due to the new electronic filing and service procedures in federal court, use of a private courier should rarely be necessary.

[3] Presently, 28 U.S.C. §1821 requires that a witness be paid $40 per day for their attendance at trial, in addition to mileage and other expenses incurred to attend the court appearance.

an expert can hardly be considered crucial if she does not testify at trial. *See Paschall v. Kansas City Star Co.*, 695 F.2d at 339 (affirming district court's refusal to award costs for an expert who did not testify even though the expert's work was "undoubtedly most helpful" to the plaintiff's case).[4]

In the present cases, expert O'Keefe did not testify at trial. She was, in fact, never even listed as a witness on Plaintiff's witness list. Thus, this expert can hardly be considered indispensable or found to have provided any testimony that helped the Court resolve the issues in dispute such that witness fees above the normal $40 per day would be appropriate. But, moreover, since O'Keefe did not actually attend trial there is no basis for even taxing that minimal amount in this case.

The final category of costs that is in dispute is the $118.50 Plaintiff seeks for "Photocopies of trial exhibits." While some of these exhibits might be properly taxable, it is impossible to determine based upon the vague description provided. The mere fact that an exhibit was made and/or admitted into evidence at trial does not necessarily make it subject to taxation as was explained in *Hill v. Gonzalez*, 53 F.R.D. 1 (D. Minn. 1971):

> For the costs of their preparation to be taxed they should be more than merely admitted, they should be indispensable to the development of the case. . . . the expense of obtaining [exhibits] which are not more than illustrative, or those which are not indispensable to a decision of the issues may not be taxed as costs of the litigation.

*Id*. at 3 (citing R. Peck, Taxation of Costs in United States District Courts, 37 F.R.D. 481 (1963)).

---

[4] Relying upon the holding of *Paschall*, the United States District Court for the District of Minnesota similarly denied costs for two experts when neither testified at trial. *See Jacobson v. Pitman-Moore, Inc*., 1984 WL 3637 at *4 (D. Minn.) (denying costs for expert sociologist that helped with trial preparation and a second expert that developed a statistical analysis of data).

Whether any of the exhibits Plaintiff seeks to tax were indispensable rather than merely illustrative simply cannot be determined based on the information contained within Plaintiff's Bill of Costs and, therefore, absent sufficient information from which the Court can make such a determination, taxation of these costs should also be denied.

**CONCLUSION**

While the judgment following trial was in Plaintiff's favor, he did not prevail in his motion for summary judgment such that the costs incurred in relation to that motion may be taxed. And as to many of the additional costs Plaintiff seeks, they are simply not litigation costs properly taxed in federal court. That is, the costs for postage, delivery services, unexplained exhibits, and a non-testifying expert witness (a total of $1,128.48) should be denied.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON, CHARTERED

Dated: Sept. 30, 05

By: s/Peter G. Van Bergen
PETER G. VAN BERGEN #112033
TAMARA L. NOVOTNY #029617X
Attorneys for Defendants
1550 Utica Avenue South
Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

950868