UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Starr, individually and as the father and natural guardian of Gabrielle Cotton,

Plaintiff,

v.

Civ. No. 01-1122 (JNE/SRN)
ORDER

Metro Systems, Inc., and Deborah Masanz,

Defendants.

Gary Starr, individually and on behalf of his daughter, Gabrielle Cotton, brought this case against his former employer, Metro Systems, Inc., (Metro) and Metro's vice president, Deborah Masanz. He alleges that Metro and Masanz (collectively, Defendants) violated the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. §§ 1161-1169 (2000), by failing to provide adequate notice of continuation of coverage rights after his termination. The case came before the Court for trial. On September 12, 2005, the Court issued its Findings of Fact and Conclusions of Law, and Order. Judgment was entered the following day. The Court ordered Defendants to pay Starr $113,468.86, which is the amount of medical expenses Starr incurred from August to October 2000 less co-payments and premiums from March through October 2000. The Court declined to impose a statutory penalty on Defendants. Seeking an award of pre-judgment interest and a statutory penalty, Starr now moves to amend the judgment. For the reasons set forth below, the Court grants in part and denies in part the motion.

## I. DISCUSSION

### A. Pre-judgment interest

The Eighth Circuit recently stated that pre-judgment interest is ordinarily awarded to a prevailing ERISA benefit claimant:

> Prejudgment interest is an ordinary part of compensatory awards. The principal award is compensation for an injury. Interest on the award is compensation for the inability to use the money between the time of the compensable injury and the time that the award is paid. We review the district court's decision as to prejudgment interest for abuse of discretion and the court abuses its discretion if it denies a prevailing ERISA benefit claimant's request for prejudgment interest, absent exceptional or unusual circumstances.

*Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). Because this case presents no exceptional or unusual circumstances with regard to an award of pre-judgment interest, the Court awards Starr pre-judgment interest.

Starr asserts that he should be awarded pre-judgment interest in the amount of $34,040.67. He arrives at this figure by calculating simple interest on $113,468.86 at the rate specified in Minn. Stat. § 343.01, subd. 1 (2004), from November 1, 2000, to November 1, 2005. The Court declines to adopt Starr's calculation. Pre-judgment interest after September 13, 2005, the date of final judgment, is not appropriate. Nor is the appropriate interest rate found in section 343.01. Instead, the Court awards Starr pre-judgment interest compounded annually from November 1, 2000, through September 13, 2005, at rates specified in 28 U.S.C. § 1961 (2000).[1] *See Sheehan v. Guardian Life Ins. Co.*, 372 F.3d 962, 969 (8th Cir. 2004); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995). Given the dramatic fluctuation in the rate specified by section 1961 during the relevant time period, calculation of pre-judgment interest at a single rate does not serve the purposes of an award of pre-judgment interest under ERISA: compensation for financial damages incurred and deterrence of attempts to benefit unfairly from litigation delays. *See Christianson v. Poly-America, Inc. Med. Benefit Plan*, 412 F.3d 935, 941 (8th Cir. 2005). Accordingly, the Court revises the rate annually.

[1] The rate specified in section 1961 is the weekly average one-year constant maturity Treasury yield. The Board of Governors of the Federal Reserve System publishes this information at http://www.federalreserve.gov/releases/h15/data/wf/tcm1y.txt.

Applying the methodology set forth above, the Court awards Starr pre-judgment interest in the amount of $15,567.50. The table below illustrates the calculation of this award.

| Dates | | Rate | Benefits and compounded interest | Interest |
|---|---|---|---|---|
| 11/1/2000 | 11/1/2001 | 6.01% | 113,468.86 | 6,819.48 |
| 11/1/2001 | 11/1/2002 | 2.31% | 120,288.34 | 2,778.66 |
| 11/1/2002 | 11/1/2003 | 1.51% | 123,067.00 | 1,858.31 |
| 11/1/2003 | 11/1/2004 | 1.30% | 124,925.31 | 1,624.03 |
| 11/1/2004 | 9/13/2005 | 2.27% | 126,549.34 | 2,487.02 |
| Total | | | | 15,567.50 |

**B. Statutory penalty**

Under 29 U.S.C. § 1132(c)(1)(A) (2000), a plan administrator who fails to comply with section 1166(a)(4) "may in the court's discretion be personally liable" in the amount of up to $100 per day from the date of such failure. The purpose of a statutory penalty is to punish noncompliance. *Chesnut v. Montgomery*, 307 F.3d 698, 704 (8th Cir. 2002). A defendant's good faith and the absence of harm are relevant in deciding whether to award a statutory penalty. *Id.* Neither the defendant's good faith nor the absence of harm, however, preclude a penalty's assessment. *Id.* at 703.

Masanz did not act in bad faith in failing to timely give notice to Starr of his right under COBRA to continue coverage. As set forth in the Findings of Fact, Masanz timely created a COBRA notice (March 3 Notice) addressed to Starr. Although the Court found the notice was not sent to Starr, this finding was not based on a willful failure to send the notice. Moreover, the extension of Starr's coverage for four months after its scheduled termination under the Plan indicates that the failure to send the March 3 Notice to Starr was not done in bad faith.

As to the harm experienced by Starr, he incurred medical expenses on behalf of his daughter and brought this action to obtain coverage for those expenses. Under these circumstances, a court could impose a penalty. *See Brown v. Aventis Pharms.*, 341 F.3d 822, 825 (8th Cir. 2003). Nevertheless, imposition of a statutory penalty is discretionary. *See id.* The Court reiterates here what it stated on September 12, 2005. The Court is not persuaded that Defendants' failure to maintain records sufficient to establish, by a preponderance of the evidence, that timely notice was sent to Starr arose from disregard of COBRA's requirements. A statutory penalty is not necessary as punishment for failing to comply with COBRA in this case.

## II. CONCLUSION

In short, the Court grants Starr's motion to amend the judgment insofar as Starr seeks an award of pre-judgment interest and denies the motion insofar as Starr seeks a statutory penalty. Defendants shall pay Starr $129,036.36, which is the amount of medical expenses Starr incurred from August to October 2000 less co-payments and premiums from March through October 2000 plus pre-judgment interest. Based on the evidence received at trial, the Findings of Fact, Conclusions of Law, and the reasons stated above, IT IS ORDERED THAT:

1. Starr's motion to amend the judgment [Docket No. 60] is GRANTED IN PART and DENIED IN PART.

2. The Judgment [Docket No. 57] is AMENDED to provide that Defendants shall pay Starr $129,036.36.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 17, 2005

s/ Joan N. Ericksen________
JOAN N. ERICKSEN
United States District Judge