**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122 (JNE)**

---

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

Metro Systems, Inc., a Minnesota corporation, and Deborah Masanz,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

Defendants Metro Systems, Inc. and Deborah Masanz submit this memorandum of law in opposition to Plaintiff Starr's motion seeking an award of attorney's fees. The decision to award attorney's fees is discretionary with the Court, subject to reversal only if there is clear evidence of an abuse of discretion in applying the relevant factors. As explained below, the facts of this case do not weigh in favor of shifting Plaintiff's costs of litigation to Defendants and, therefore, Plaintiff's motion for attorney's fees should be denied.

## LAW AND ARGUMENT

### I. Plaintiff's Request For Attorney's Fees Under 29 U.S.C. §1132(g)(1) Should Be Denied.

In this third post-trial motion, Plaintiff now asks the Court to award him $47,425.00 in attorney's fees under 29 U.S.C. §1132(g).[1] That statute provides that, "the court in its discretion

---

[1] As the Court is aware, Plaintiff also brought a motion seeking to tax $2,128.03 in costs and a second motion seeking to recover $201,900.00 in statutory penalties and $34,040.67 in prejudgment interest. Thus, with the Plaintiff's current request for attorney's fees, Plaintiff essentially asked the Court to award him $285,493.70 above and beyond the judgment entered against Defendants in the amount of $113,468.86. In an Order dated October 17, 2005, the Court denied Plaintiff's request for statutory penalties but granted, in part, Plaintiff's request for prejudgment interest, thereby, bringing Plaintiff's judgment against Defendants to $129,036.36.

may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). As this statute makes quite clear, a decision as to whether attorneys fees should be awarded is committed to the court's discretion. *See White v. Martin*, 290 F.Supp.2d 986, 990 (D. Minn. 2003) (citing *Hogan v. Raytheon Co.*, 302 F.3d 854, 857 (8th Cir. 2002)) and *Givens v. Wal-Mart Stores, Inc. and Associates' Health and Welfare Plan*, 327 F.Supp.2d 1063, 1067 (D. Neb. 2004) (denying request for attorneys' fees). The district court's decision regarding attorney's fees will not be overturned by the appellate court absent an abuse of discretion which will occur only when the district court commits a clear error of judgment in weighing the relevant factors. *See Christianson v. Poly-America, Inc. Medical Benefit*, 412 F.3d 935, 940 (8th Cir. 2005).

In the Eighth Circuit, there is no longer a presumption that the prevailing party in an ERISA action should recover attorney's fees. *See e.g. Givens v. Wal-Mart Stores, Inc. and Associates' Health and Welfare Plan*, 327 F.Supp.2d at 1067. That presumption was expressly rejected in *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966 (8th Cir. 2002), with the court explaining, in part:

> Finally, the "American Rule" that each party normally bears the cost of the litigation unless Congress provides otherwise . . . pervades our analysis. While Congress did provide for fee shifting at the district court's discretion in ERISA cases, the operation of a presumption in favor of fees undermines the "American Rule" and should be employed only in extraordinary cases, such as civil rights litigation.

*Id*. at 971 (citation omitted).

Thus, after 2002, courts are to consider five factors set out in *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984), when considering whether or not to award attorney's fees. *See Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d at 971-72; *Givens v. Wal-Mart Stores, Inc. and Associates' Health and Welfare Plan*, 327 F.Supp.2d at 1067. As Plaintiff has explained, those factors are: 1) the degree of the opposing parties' culpability or bad faith; 2) the ability of the

opposing parties to satisfy an award of attorneys' fees; 3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; 4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and 5) the relative merits of the parties' positions. *Lawrence v. Westerhaus*, 749 F.2d at 495-96.

These five factors, however, are not an exclusive list, nor are they to be mechanically applied. *See Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d at 972. The district court may therefore also take into account other relevant considerations when determining if attorney's fees are appropriate. *Id*. And contrary to Plaintiff's claims, these factors, and other relevant considerations, simply do not support shifting the Plaintiff's attorney's fees onto Defendants in this case.

In an effort to satisfy the first factor, Plaintiff freely and repeatedly throws out accusations of bad faith by Metro Systems' plan administrator, Deborah Masanz. The Court, however, in its Order of October 17, 2005, held that Masanz did **not** act in bad faith with respect to mailing a COBRA notice to Plaintiff. The Court, in fact, explained that Masanz's failure to send the created notice was not a willful failure on her part. Therefore, the first of the five *Westerhaus* factors weighs heavily against awarding Plaintiff attorney's fees.

There is also no evidence of a systemwide problem with Metro System's COBRA notification process. That is, there is absolutely no evidence that Defendants' standard procedure for creating and mailing COBRA notices is inadequate such that it needs to be completely overhauled. In fact, there was no evidence to suggest that if the normal procedure had been followed in this case, that Plaintiff would not have properly and timely received notification of his right to elect COBRA coverage. There was, after all, no evidence that other employees failed to receive

such notice when Defendant's normal procedure was followed. Thus, there is simply no conduct that needs to be deterred through the imposition of attorney's fees.

There is also no evidence that Plaintiff commenced this lawsuit for the purpose of benefitting other plan participants as required by the fourth *Westerhaus* factor. Plaintiff's attorney simply sets forth in his affidavit that, "Because of the nature of ERISA litigation and the work that I did to point out the deficiencies in the defendants' record-keeping and COBRA notices, my work benefitted [sic] not only the named plaintiff, but others as well." Affidavit of Robert J. Bruno at ¶6. But there is, again, no finding that the COBRA notice Defendants normally sent was inadequate. After all, it presumably met its purpose in those prior cases in which Masanz had followed her standard creation and mailing procedure. There is certainly no evidence that other employees did not receive proper and adequate notice of their COBRA rights.

Nevertheless, this factor does not simply consider whether the litigation might, by chance, end up benefitting other participants but, rather, whether that was the party's intent when he commenced suit. In *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528 (8th Cir. 2005), for example, the plaintiff brought suit "expressly for the purpose of benefitting all participants and beneficiaries of the plans, and the plans now admit that Leonard's suit has in fact benefitted others." *Id*. at 532. In fact, in that case the plans' attorney admitted that at least sixty-one other beneficiaries might be entitled to additional money due to the court's decision that the plans were not entitled to offset any part of the workers' compensation award to a participant. *Id*. The present case is significantly different.

The present case was commenced by Plaintiff only to show that he did not receive a COBRA notice and election form and, therefore, was entitled to reimbursement for the medical costs he incurred on behalf of his daughter. Plaintiff did not seek to somehow benefit other plan participants

and, in fact, a finding that Defendants are obligated to reimburse this Plaintiff does not provide a precedent to other plan participants.

As to the fifth factor, it really cannot be said that one party's position clearly had greater merit than the other. The Court has ruled in favor of Plaintiff with regard to his claim that notice was not sent, but the Court has also found that such failure was not in bad faith; it was essentially the result of an innocent and unintentional mistake. Thus, the Court has denied Plaintiff's request for statutory penalties. By previously denying Plaintiff's summary judgment motion, the Court also seemingly recognized the merits of Defendants' position and the need to weigh each party's position at trial, after hearing all of the evidence.

But regardless of this factor being somewhat equal, the other factors discussed above, clearly warrant a denial of Plaintiff's request for attorney's fees. Plaintiff simply has not established that this is a case involving bad faith. In fact, the Court has expressly found it is not. Nor can Plaintiff show that this is a case for which deterrence is necessary or that he pursued this action to benefit any plan participant other than himself.

## CONCLUSION

There is no presumption that a prevailing party be awarded attorney's fees. Rather, the Court should consider whether the relevant factors weigh in favor of shifting Plaintiff's cost of litigation to Defendants under the facts of this case. In the absence of bad faith, no repetitive inappropriate conduct requiring deterrence, and the other relevant factors in this case, there is no just reason to require Defendants to pay Plaintiff attorney's fees in addition to the judgment already entered against them. This is simply not a case where the Defendants' conduct was egregious or in bad faith. Rather, this is a case of nothing more than an innocent mistake. Defendants, therefore, respectfully requests that Plaintiff's motion be denied.

Respectfully submitted,

COUSINEAU McGUIRE CHARTERED

Dated: Oct. 19, 05

By: Peter G. Van Bergen

PETER G. VAN BERGEN #112033
TAMARA L. NOVOTNY #029617X
Attorneys for Defendants
1550 Utica Avenue South
Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

954178