UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Starr, individually and as the father and natural guardian of Gabrielle Cotton,

Plaintiff,

v.

Civ. No. 01-1122 (JNE/SRN)
ORDER

Metro Systems, Inc., and Deborah Masanz,

Defendants.

Gary Starr, individually and as the father and natural guardian of Gabrielle Cotton, brought this case against his former employer, Metro Systems, Inc., (Metro) and Metro's vice president, Deborah Masanz. He alleged that Metro and Masanz (collectively, Defendants) violated the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. §§ 1161-1169 (2000), by failing to provide adequate notice of his right to continue coverage after his termination. The case came before the Court for trial. On September 12, 2005, the Court ordered Defendants to pay Starr $113,468.86, the amount of medical expenses he incurred from August to October 2000, less co-payments and premiums from March through October 2000. The Court declined to impose a statutory penalty on Defendants. After entry of judgment, Starr moved to amend the judgment to include an award of pre-judgment interest and a statutory penalty. On October 17, 2005, the Court awarded Starr pre-judgment interest and again declined to impose a statutory penalty. The case is before the Court on Starr's motion for attorney fees. For the reasons set forth below, the Court denies the motion.

## I. DISCUSSION

A court "in its discretion may allow a reasonable attorney's fee and costs to either party" in an action under COBRA. 29 U.S.C. § 1132(g)(1). A district court should use the factors set

forth in *Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir. 1984), and other relevant considerations as general guidelines to determine whether to award attorney fees. *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002). The *Westerhaus* factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing party might have a deterrent effect under similar circumstances; (4) whether the party seeking attorney fees sought to benefit all plan participants and beneficiaries of a plan or to resolve a significant legal question; and (5) the relative merit of the parties' positions. 749 F.2d at 496; *see Martin*, 299 F.3d at 969 n.4. These factors are "by no means exclusive or to be mechanically applied," and "district courts are not obligated to regurgitate, rote, the . . . factors." *Martin*, 299 F.3d at 972.

Starr argues the first factor favors him because Defendants acted in bad faith. In support, he accuses Masanz of offering perjured testimony. As detailed in the Findings of Fact, Masanz' testimony included inconsistencies. Inconsistent testimony, however, is not necessarily perjury. *United States v. Albanese*, 195 F.3d 389, 393 (8th Cir. 1999); *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992). Where inconsistencies arise from confusion, mistake, or faulty memory rather than willful intent to provide false testimony, perjury is not present. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Here, the Court regards the inconsistencies in Masanz' testimony as the product of confusion, mistake, or faulty memory rather than willful intent to testify falsely. The Court therefore rejects Starr's accusation that Masanz perjured herself.

Starr also asserts Defendants acted in bad faith by violating various record-keeping requirements. As explained earlier in this litigation, Defendants' failure to maintain records

sufficient to establish, by a preponderance of the evidence, that timely notice was sent to Starr did not arise from disregard of COBRA's requirements.

Starr also contends that inaccuracies in Masanz' letter of September 5, 2000, evince bad faith. As set forth in Finding of Fact 18, Masanz made misrepresentations in the letter about Metro's records and an enclosed COBRA notice. The misrepresentations were not motivated by a bad faith desire to cover up the failure to timely give notice to Starr of his right under COBRA to continue coverage. Instead, they were motivated by Masanz' belief, based on her standard procedures, that she had given Starr timely notice. Her belief that she had given timely notice does not excuse the misrepresentations, but does mitigate a finding of bad faith. As explained earlier in this litigation, Masanz did not act in bad faith in failing to give timely notice to Starr of his right under COBRA to continue coverage. Accordingly, the Court rejects Starr's argument that the first factor favors him.

The second factor favors Starr. Defendants do not dispute Starr's assertion that they are able to pay his attorney fees.

Third, Starr argues an award of attorney fees will have a deterrent effect. As set forth in the Findings of Fact, the March 3, 2000, COBRA notice was neither created nor handled in accordance with Masanz' standard procedures. An award of attorney fees might deter departures from procedures designed to give timely notice of COBRA rights. In addition, an award of attorney fees might deter failures to maintain sufficient records to establish timely notice was given. Under these circumstances, the third factor favors Starr. That Defendants' failures in this case were neither in bad faith nor willful, however, mitigates this factor's weight.

Fourth, Starr brought this action alleging that Defendants violated COBRA by failing to give adequate notice of his right to continue coverage. He did not bring the action to benefit all

plan participants and beneficiaries or to resolve a significant legal question. Accordingly, the fourth factor does not weigh in favor of an award of attorney fees to Starr.

The fifth factor does not favor either party. The denial of Starr's motion for summary judgment reveals that Defendants' position was not without merit. Although the Court ultimately resolved the case against Defendants, resolution of the case required evaluation of evidence received at trial.

In sum, an award of attorney fees to Starr is not appropriate. Defendants' ability to pay an award does not by itself warrant an award. *See Fletcher-Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1181 (8th Cir. 2001) (stating an ability to pay does not justify an award of attorney fees where other factors weigh against an award). The only other factor that favors Starr—the third factor—is not entitled to great weight in this case. The Court regards the lack of bad faith by Defendants to weigh heavily against an award of attorney fees. Under the circumstances of this case, Starr's attorney fees should not be shifted to Defendants. Accordingly, the Court denies Starr's motion for attorney fees.

## II. CONCLUSION

Based on the evidence received at trial, the Findings of Fact, the Conclusions of Law, and the reasons stated above, IT IS ORDERED THAT:

1. Starr's motion for attorney fees [Docket No. 64] is DENIED.

Dated: December 19, 2005

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge