**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122(JNE)**

---

GARY STARR, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

v.

METRO SYSTEMS, INC., a Minnesota corporation, and DEBORAH MASANZ,

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

---

Plaintiff submits the following Memorandum of Law in support of his motion for an award of attorneys fees.

## FACTS

Plaintiff commenced the instant action in June, 2001, to recover Plaintiff's medical expenses for his daughter of over $116,000 less premiums and co-payments. Plaintiff was awarded a judgment of over $113,000.00. Plaintiff's post-trial motion for interest and statutory penalty resulted in an additional award of interest in the amount of $15,567.50 on October 17, 2005. On November 10, 2005, plaintiff filed an appeal in the Court of Appeals.

On December 19, 2005, the Court denied plaintiff's post-trial motion for attorney's fees. On December 23, 2005, plaintiff filed a second appeal in the Court of Appeals from the order denying attorney's fees. On January 9, 2006 the two appeals were consolidated for briefing and submission to the Court. On August 28, 2006, the Eighth Circuit Court of Appeals reversed the district court's order refusing to award attorney's fees, and affirmed the judgment refusing to award a statutory penalty.

Plaintiff now moves the Court for an award of attorney's fees, including fees and expenses incurred on appeal. Plaintiff seeks lodestar attorney's fees at an hourly rate of $250 per hour for a total of $64,134.54.

**ARGUMENT**

**PLAINTIFF IS ENTITLED TO AN AWARD OF LODESTAR ATTORNEY'S FEES.**

The Plaintiff's attorney's fees are recoverable under 29 U.S.C. Sec. 1132 (g):

> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

The Eighth Circuit uses a lodestar method for determining the amount of an attorney's fee award in ERISA cases. Geissal ex rel. Estate of Geissal v. Moore, 338 F.3d 926, 935 (8th Cir. 2003), citing Hensley v. Eckert, 461 U.S. 424 (1983).

The lodestar is the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blanchard v. Bergeron, 489 U.S. 87, 93-94 (1989). The lodestar is presumptively the measure of a "reasonable attorney's fee." Id. ("[W]e have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (Internal quotation marks omitted). The lodestar amount is not to be reduced because the fee agreement may provide for a lower or contingent fee. Blanchard, id. The actual fee agreement between the attorney and the prevailing party is immaterial. Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996).

An important factor in determining whether the lodestar is a "reasonable fee" is the result obtained. Hensely, supra, at p. 434 ("the most critical factor is the degree of success obtained"). Where the plaintiff achieved excellent results, the lodestar is the appropriate fee. Id., at p. 435.

The lodestar should not be reduced because the plaintiff failed to prevail on every contention raised in the lawsuit. Id. Attorneys need not obtain "excellent" results to merit a fully compensatory fee; merely prevailing to some significant extent entitles them for full compensation for the work reasonably required to obtain relief. Id., at p. 448 (Burger, J., concurring).

Plaintiff achieved excellent results in this action, recovering a fully compensatory judgment for the amount of his medical expenses minus insurance premiums and deductibles. In addition, plaintiff made a motion for interest and achieved a fully compensatory additional award of over $15,000. Plaintiff's request for a statutory penalty, although unsuccessful, was based upon the same core of operative facts as the compensatory relief. Indeed, one of the bases for the penalty was the degree of prejudice suffered as measured by the compensatory award and the expense and frustration of litigation to vindicate plaintiff's rights. Under such circumstances, the case cannot be considered a series of discrete claims, and the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id., at p. 434.

The lodestar attorney's fees for the services of plaintiff's counsel is the number of hours reasonably spent times a reasonable hourly rate for services of this nature in this community. The Affidavit of Robert J. Bruno dated September 15, 2006 sets forth total hours from September 30, 2005 to September 15, 2006, of 68.3 at a reasonable hourly rate of $250 per hour for a total of $17,075.00. In addition, plaintiff's counsel incurred reasonable expenses of $584.54. The Affidavit of Robert J. Bruno dated September 29, 2005 sets forth total hours from May, 2001 to September 29, 2005, of 189.7 at a reasonable hourly rate of $250 per hour for a total of $47,425.00. The total lodestar is $65,084.54.

Based on the foregoing and "given the remedial nature of ERISA legislation, and the need for ERISA litigants to have effective access to the courts to vindicate their rights," the lodestar amount of $64,134.54 represents a reasonable attorney's fee. Starr v. Metro Systems, Inc., __F.3d __, 2006 WL 2434477 (8th Cir. 2006).

## CONCLUSION

Plaintiff respectfully requests an award of attorney's fees and expenses in the amount of $65,084.54 against both defendants.

Dated: September 15, 2006.

Respectfully submitted,

s/ Robert J. Bruno

Robert J. Bruno
Attorney for Plaintiff
Attorney Reg. No. 12415
ROBERT J. BRUNO, LTD.
1601 E. Highway 13, #107
Burnsville, MN 55337
952-890-9171