**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122 (JNE)**

---

Gary Starr, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

vs.

Metro Systems, Inc., a Minnesota corporation, and Deborah Masanz,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

Defendants Metro Systems, Inc. and Deborah Masanz submit this Memorandum of Law in Response to Plaintiff's Motion for Attorney's Fees.

## INTRODUCTION

Plaintiff Gary Starr commenced this lawsuit in June 2001 seeking to recover the medical expenses he incurred on behalf of his daughter when he did not have COBRA insurance. After a one day bench trial on February 1, 2005, this Court awarded Plaintiff the full amount of such medical expenses, less co-payments and premiums, and would award Plaintiff more than $15,000 in prejudgment interest for a total judgment of $129,036.36.

Plaintiff had also sought an award of $201,900 in statutory penalties pursuant to 29 U.S.C. §1132(c)(1)(A), but such request was denied by this Court in an Order dated October 17, 2005. Plaintiff also filed a post-trial motion seeking an award of $47,425.00 in attorney's fees pursuant to 29 U.S.C. §1132(g), with such fees being calculated from May,

2001 through September 29, 2005, the date the motion was filed. In an Order dated December 19, 2005, this Court concluded that the relevant factors did not weigh in favor of shifting Plaintiff's litigation costs to Defendants and, therefore, denied Plaintiff's request for attorney's fees. Plaintiff appealed both Orders to the Eighth Circuit Court of Appeals. In its decision filed on August 24, 2006, the Eighth Circuit affirmed the denial of statutory penalties but reversed on the issue of attorney's fees. Accordingly, Plaintiff has now filed another motion whereby he seeks to recover $64,500 in attorney's fees - the $47,425 previously sought as well as an additional $17,075.00 in fees incurred on appeal.[1]

The Eighth Circuit has clearly indicated that this Court must enter an award of attorney's fees in this case. The appellate court, however, has not stated what amount of attorney's fees would be appropriate but, instead, has seemingly left it up to this Court to consider what amount of fees are just. Thus, this Court must now consider for the first time the reasonableness of the fees sought by Plaintiff in relation to the underlying litigation and, moreover, whether it should award any of the additional fees Plaintiff incurred on appeal. For the reasons discussed below, Defendants believe that a downward departure from the

[1] Plaintiff also requests $584.54 in costs for shipping his appellate brief to the Eighth Circuit Court of Appeals as well as counsel's flight and hotel package in St. Louis for oral arguments. These costs should be denied as there appears to be no basis upon which these costs can be awarded. In fact, postage is not a taxable cost under 28 U.S.C. §1920. *See Fountain Trust Co. v. Kochell*, 36 B.R. 766, 768 (E.D. Wis. 1984) (denying request to recover postage under §1920) and *Embotelladora Agral Regiomontana, S.A. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D. Tex. 1997) (explaining that, "Postage is not included in section 1920 and is not recoverable as a cost"). Moreover, these are costs which both parties incurred, and both parties were partially successful as to the issues on appeal.

requested amount of attorney's fees is necessary and appropriate under the circumstances of this case.

**LAW AND ARGUMENT**

While the extent of Plaintiff's success is an important factor for the Court to consider when awarding attorney's fees, this does not mean that the Court should just blindly grant Plaintiff the full amount of fees he has requested. The amount of attorney's fees awarded must ultimately be determined on the facts of each case and there is nothing to suggest that the Court cannot apply common sense or use its good judgment when considering what fees are reasonable under the circumstances of the case before it. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *See also LaBarbera v. J.E.T. Resources, Inc.*, 396 F.Supp.2d 346, (E.D. N.Y. 2005) (quoting *Blanchard v. Bergerson*, 489 U.S. 87 (1989) for the proposition that, "It is central to the awarding of attorney's fees . . . that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case."). Thus, if a court finds that some fees were excessive, not reasonably expended, or otherwise improper, the court should not hesitate to reduce the fees accordingly. As one district court has explained:

> Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . . . Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority.

*Id*. at 351-52.

Moreover, when a party has achieved only partial or limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. at 436. This is true, "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*.

Thus, just as the decision as to whether or not to grant any attorney's fees pursuant to 29 U.S.C. §1132(g) lies within the discretion of the court, so too does the decision as to what amount to award. Moreover, "as with any other award under section 1132(g)(1), an award of attorneys' fees and costs in connection with an appeal is discretionary." *See LaBarbera*, 396 F.supp.2d at 351 (citing *Peterson v. Continental Cas. Co.*, 282 F.3d 112 (2nd Cir. 2002) as an example of a case wherein the court chose not to reallocate fees and costs incurred on an appeal).

As for fees incurred on appeal, the Eighth Circuit, while finding that the district court retains jurisdiction to resolve such issues, has also clearly expressed that it prefers to have such fees submitted to the appellate court for its consideration. *See Little Rock School District v. State of Arkansas*, 127 F.3d 693, 696-98 (8th Cir. 1997) (instructing parties to apply to the appellate court for attorneys' fees related to the appeal). In *Little Rock*, the Eighth Circuit Court recognized that the policy behind Local Rule 47C, which governs attorneys fees, "is that fee awards should be determined by the court most familiar with the legal services in question." *Id*. at 696. The court went on to explain:

> In this case, as in any other before this Court, the plaintiffs should have filed a motion to this Court for fees incurred on appeal. If they had done so, we could have remanded the matter to the District Court for its determination; but we probably would have kept the motion here and decided it ourselves.

*Id*. One district court, in fact, denied a motion for attorneys fees for services on appeal, "Because the Eighth Circuit Court of Appeals determines and awards attorney fees for services on appeal, and has not directed this court otherwise in this case." *U&I Sanitation v. City of Columbus*, 112 F.Supp.2d 902, 907(D. Neb. 2000) (also explaining that the Eight Circuit Court of Appeals panel of judges that heard the appeal "has a better sense of the issues and the work accomplished in relationship to the briefs and record filed on appeal than the district court.").

It thus appears entirely within this Court's discretion as to whether it even wants to consider Plaintiff's request for the additional $17,075.00 in attorneys' fees incurred on appeal, where it appears that the Eighth Circuit Court has given no indication as to whether or not it believes any such fees should be awarded under the facts of this case. To the extent this Court is inclined to consider such fees, however, at least some reduction seems appropriate.

With the additional attorney's fees for his work on the two consolidated appeals, Plaintiff now seeks to recover a total of $64,500 in attorney's fees, or approximately 50% of the the $129,036.36 judgment he has already recovered. *See U&I Sanitation v. City of Columbus*, 112 F.Supp.2d at 904 (explaining that a fee award that is greater than one-third of the amount recovered is seldomly granted). The 68.3 hours Plaintiff's counsel spent on the appeal is, in fact, 27% of the total hours and fees he spent working up this entire case. Under the circumstances, to award such additional fees seems excessive.

As this Court is aware, Plaintiff's appeal raised two distinct issues - statutory penalties and attorney's fees - and Plaintiff was successful only as to the latter. The Court, however, may not be aware that a majority of Plaintiff's appellate brief, oral argument, and overall claim (i.e. $201,900 in penalties as compared with $47,425 in attorney's fees) focused on the statutory penalty issue. Given Plaintiff's partial success as to the less significant issue, some reduction seems appropriate. To award Plaintiff the full amount of the attorney's fees incurred on appeal would, in effect, punish Defendants even though they succeeded as to the more significant appellate issue. It would in essence allow Plaintiff to unjustly use these additional fees as a means of compensating for the statutory penalties he has been denied.

When deciding whether or not to grant any such additional fees or whether to reduce such fees, this Court may also take into consideration the nature of the appellate issues. In *LaBarbera*, for example, the district court found that a 50% reduction in the hours claimed on appeal was warranted as the hours and fees were excessive given that the case "involved a simple and straightforward appeal that was solely related to the Court's denial of their motion for attorneys' fees." *LaBarbera*, 396 F.Supp.2d at 352. The court, moreover, recognized, that the fee issue was the same issue that was fully briefed by the parties when the issue was previously before the district court on the original motion for attorneys fees such that an expenditure of more than three hundred hours on appeal was "totally unnecessary and excessive." *Id*.

While Plaintiff's counsel fortunately did not expend three hundred hours essentially re-briefing the two appellate issues, he did spend 68.3 hours, or 27% of his overall time, on

this appeal which seems somewhat excessive given that he only spent 189.7 hours developing the underlying ERISA case over the course of four years and through trial.

The $47,425 in attorney's fees claimed in relation to the pre-appeal stage of this case, however, also is subject to some scrutiny by this Court. First, it is quite common to see in any case considering the reasonableness of fees, a variety of rates charged for senior counsel or partners, associates, and paralegals. There is no such variation in the fees at issue in this case. Rather, Plaintiff seeks to assess Defendants for all of the work done on this case at a rate of $250 per hour. However, not every task reasonably warrants an attorney of Plaintiff's counsel's experience such that it is reasonable to charge Defendants for all such work, even if Plaintiff's counsel did perform all of the work himself rather than delegating it to an appropriate staff person or less skilled attorney. It would not be appropriate to bill a client for all such work at the rate of $250 and, accordingly, it is not appropriate to assess Defendants at that rate for work that is administrative.

Perhaps more striking, however, is the fact that a review of the pre-appeal hours reflects that approximately 56.3 hours, or 30% of counsel's time, was spent working on Plaintiff's unsuccessful summary judgment motion.[2] Under the circumstances, this seems

---

[2] Plaintiff also seeks to tax $427.80 in costs against Defendants for the expense of photocopying his summary judgment motion documents. Such costs should be denied as copying is really merely a part of office overhead expenses. Moreover, Plaintiff was not successful on that motion, nor has he submitted anything to verify that he actually incurred such expense for copies. In fact, it appears that Plaintiff has not submitted any invoices or other documentation to support his claimed costs.

excessive, especially when compared with the fact that counsel spent only 25.4 hours, or 13% of the pre-appeal time, preparing for and trying the case.[3]

Plaintiff also includes within the pre-appeal attorney's fees, charges for time spent conferencing with an expert that was never used or called to testify at trial. Plaintiff's counsel likewise lists time for reviewing medical records even though the substance of those records was never an issue.

The very last pre-appeal entries contained on the first affidavit of counsel, moreover, are estimated hours for tasks that never came to fruition. Plaintiff's counsel, for example, estimated that he would spend more than five hours drafting a reply memorandum and preparing for a court appearance on his post-trial motions. No reply memorandum was ever filed, however, nor were there any oral arguments on Plaintiff's post-trial motions. These estimated hours are therefore entirely unfounded.

While the Court should undertake its own independent examination of the billing records submitted by Plaintiff's counsel in order to determine what amount of fees is

---

[3] In his Bill of Costs, Plaintiff seeks $118.50 for "Photocopies of trial exhibits." The mere fact that an exhibit was made and/or admitted into evidence at trial, however, does not necessarily make it subject to taxation. Rather, as explained in *Hill v. Gonzalez*, 53 F.R.D. 1, 3 (D. Minn. 1971), "for the costs of their preparation to be taxed they should be more than merely admitted, they should be indispensable to the development of the case. . . . the expense of obtaining [exhibits] which are not more than illustrative, or those which are not indispensable to a decision of the issues may not be taxed as costs of the litigation." Whether any of the exhibits Plaintiff seeks to tax were indispensable simply cannot be determined based on the information contained within Plaintiff's Bill of Costs and, therefore, absent sufficient information from which the Court can make such a determination, taxation of these costs must also be denied.

reasonable, it cannot be expected that the Court will scrutinize each and every entry in detail. Thus, court's have recognized and endorsed across the board percentage cuts, "as a practical means of trimming fat from a fee application." *Id*. at 352.

## CONCLUSION

Ultimately, it lies within this Court's discretion to determine what amount of attorneys' fees should reasonably be awarded to Plaintiff in relation to this case. An award that is 50% of the amount of the underlying judgment, however, seems excessive and terribly unreasonable given the circumstances of this case and Plaintiff's partial success on appeal. Accordingly, Defendants respectfully request that the Court use its good judgment to determine what percentage of the requested fees should be denied. Again, while the Eighth Circuit has proclaimed that an award of attorneys' fees is appropriate, it has not stated that all of the requested fees, including any on appeal, must be awarded. That decision is up to this Court to decide given its familiarity with the case and the issues.

Respectfully submitted,

**COUSINEAU McGUIRE CHARTERED**

Dated: 9/21/06

By: s/Tamara L. Novotny
**PETER G. VAN BERGEN #112033**
**TAMARA L. NOVOTNY #029617X**
Attorneys for Defendants
1550 Utica Avenue South
Suite 600
Minneapolis, Minnesota 55416-5318
(952) 546-8400

1024596