**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 01-1122(JNE)**

GARY STARR, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff,

v.

METRO SYSTEMS, INC., a Minnesota corporation, and DEBORAH MASANZ,

Defendants.

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AWARD**

Plaintiff submits the following Reply Memorandum of Law in support of his motion for an award of attorney's fees.

## ARGUMENT

As a basis for denying or diminishing the plaintiff's request for fees, Defendants first argue that Eighth Circuit Local Rule 47C is a basis for denying attorney's fees on appeal. Defendant's Memorandum Of Law In Response to Plaintiff's Motion For Attorney's Fees ("Defendants' Memorandum"), pp. 4-5. However, despite Local Rule 47C, which is a procedural and not a substantive rule, the district court retains original jurisdiction conferred by Congress to determine attorney's fees on appeal:

> However, Rule 47C cannot and does not affect the jurisdiction of the district courts. The jurisdiction of the federal district courts is conferred by Congress. See 28 U.S.C. §§ 1331-1390. Rule 47C is a rule of procedure for the Court of Appeals and does not alter this grant of jurisdiction. Therefore, despite our local rule, the district courts retain jurisdiction to decide attorneys' fees issues that we have not ourselves undertaken to decide.

Little Rock School District v. State of Arkansas, 127 F.3d 693, 696 (8th Cir. 1997). Instead, Local Rule 47 is one of "multiple procedural options for the determination of attorney's fees" and "[t]he choice of procedure should not obscure the end goal: calculation of a fair award." Id., p. 697.

Under the circumstances of this case, a fair award of appellate fees can be determined by this Court. The issues on appeal and the work necessary to present them can be determined from a review of the appellant's briefs and the time records of Plaintiff's counsel. A record of such issues is before this Court attached as an appendix to this Memorandum. Defendants' Memorandum does not deny and implicitly concedes that this Court has sufficient information to enable it to make a determination of the reasonableness of the fees on appeal.

Defendants argue that the 68.3 hours spent on services for the appeal "seems excessive." Defendants' Memorandum, p. 5 and see, pp. 6-7. However, Defendants do not challenge any of the services described in the affidavit of Plaintiff's counsel, they have offered no evidence that any of the services have not been rendered, were rendered unnecessarily, or were unreasonable, and they do not explain their conclusion. They give no indication what they believe is an appropriate amount of hours, or even how many hours their own counsel expended on the appeal. As a result, Defendant's conclusion of excessiveness is unsupported by argument or evidence and must be disregarded.

Defendants next posit that the statutory penalty issue was distinct from the attorney's fee issue and that the brief, argument, and "overall claim" focused on the

penalty issue. Defendant's Memorandum, p. 6. Therefore, they argue that because Plaintiff's success was on the "less significant issue" of attorneys' fees, the fees on appeal should be reduced. See, Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.") In contrast, however, Hensley counsels that where the claims are not distinct in all respects, the court should focus on the significance of the overall relief obtained in relation to the hours expended on the entire litigation:

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Id., at p. 435.

Moreover, the Defendants' assertion that the two claims were "distinct in all respects" is erroneous. Id., at p. 440. Both the penalty claim and the first prong of the attorney's fee claim both focused precisely on the nature of the Defendants' conduct and shared common arguments and a common nucleus of operative facts. Under such circumstances

> [c]ourts should recognize that reasonable counsel in a civil rights case, as in much litigation, must often advance a number of related legal claims in order to give plaintiffs the best possible chance of obtaining significant relief. As

> the Court admits, "Such a lawsuit cannot be viewed as a series of discrete claims."

Id., at p. 445 (Brennan, J., concurring part and dissenting in part.).

Furthermore, the assertion that the "majority of Plaintiff's appellate brief . . . focused on the statutory penalty issue," is erroneous. Defendants' Memorandum, p. 6. The plaintiff's argument as to the penalty issue was contained on pages 15 – 36 of the Appellant's Brief, a total of 22 pages. The attorney's fee argument was contained in pages 37 to 47, a total of 11 pages, plus the incorporation on page 43 of the conduct section, Section I.A., which is an additional 15 pages, for a total of 26 pages of argument on the attorney's fee issue. As for Defendants' assertion that the "majority of Plaintiff's . . . oral argument . . . focused on the statutory penalty issue," it is likewise without any factual support whatsoever. Defendants' Memorandum, p. 6. As a result, Defendants' facile assertions about which issue was predominant are erroneous.

The Eighth Circuit held in this case that the discretion to award attorney's fees must be consistent with the purposes underlying ERISA:

> ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans. A district court considering a motion for attorney's fees under ERISA should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.

Starr v. Metro Systems, Inc., _F.3d_, 2006 WL 2434477, slip op., p. 7 (8th Cir. August 24, 2006) (quoting Welsh v. Burlington N., Inc., Employee Benefits Plan, 54 F.3d 1331, 1342 (8th Cir.1995). The protection of employee rights and securing

effective access to the courts requires that the appellate fees should be allowed in their entirety.

Next, the Defendants argue that the pre-appeal attorney's fees should be reduced because "it is common to see ... a variety of rates charged for senior counsel or partners, associates, and paralegals." Defendants' Memorandum, at p. 7. In addition, "[i]t would not be appropriate to bill a client for all such work at the rate of $250." Id. In response, there is no evidence in this record that $250 per hour is not "appropriate." Defendants have offered nothing to show what "senior counsel or partners, associates, or paralegals" should charge for work of this nature in this community, nor have they offered to specify which services should have been performed by each of these categories. Only by accounting for the services as to categories of attorneys, and offering a record as to the reasonable charges of senior and lower level counsel for work of this nature in this community, could the Defendants argue that the rate charged by Plaintiff's counsel for all work is unreasonable or excessive. This Defendants have not undertaken and their resulting conclusion must be disregarded.

Next, Defendants argue that 30 percent of the pre-appeal time for work on the summary judgment motion is excessive because it compares with only 13 percent of the time "preparing for and trying the case." Defendants' Memorandum, pp. 7 – 8. Defendants do not specify which hours they consider to be in each category, so it is not possible to challenge their allocation, but even assuming they are correct, it overlooks the fact that the preparation of the extensive summary

judgment motion and supporting record contributed significantly to preparation for trial, trying the case, and post trial and appellate submissions. The organization and compilation of summary judgment exhibits significantly contributed to trial and post-trial preparation and presentation. In addition, arguments made at summary judgment were also made at trial and portions of the summary judgment memoranda were used in trial and post trial memoranda. Again, only by making careless, facile, and unsupported comparisons can the Defendants argue that the fees were excessive.

Next, Defendants argue that conferences with Plaintiff's expert, an insurance claims examiner, was inappropriate because the expert was not called to testify at trial and "the substance of those records was never an issue." Defendants' Memorandum, at p. 8. However, the assertion that the substance of the records was never an issue is contrary to the record. Defendant's Answer denies the medical expenses incurred by the Plaintiff, and it was only after Plaintiff engaged a claims examiner to prepare a report about the coverage of expenses under the Defendants' medical plan and it was submitted to them in the form of a request for admission, did the Defendants admit the amount of the covered medical expenses.

Lastly, Defendants argue that five hours of estimated time for drafting a reply memorandum and court appearance were not expended. In candor, such estimated future time was not expended, however, Plaintiff has expended more time than that on the post-appeal application for fees and this reply memorandum, but

not included it in the fee application. Considering this uncharged time, the overall amount of time requested in the fee application is reasonable.

**CONCLUSION**

Defendants' aspersions on the necessity and reasonableness of the services rendered by the counsel for the Plaintiff and on the rate charged, are both unsupported by the record and contrary to the record. Considering the underlying purposes of ERISA, Plaintiff is entitled to a fully compensatory fee for services rendered before and after the appeal.

Dated: September 25, 2006.

Respectfully submitted,

s/ Robert J. Bruno

Robert J. Bruno
Attorney for Plaintiff
Attorney Reg. No. 12415
ROBERT J. BRUNO, LTD.
1601 E. Highway 13, #107
Burnsville, MN 55337
952-890-9171

## APPENDIX

Exhibit A - Appellant's principal brief

Exhibit B – Appellant's reply brief