**Nos. 05-4178 and 06-1087**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

GARY STARR, individually, and as the father and natural guardian of Gabrielle Cotton, a minor,

Plaintiff-Appellant,

vs.

METRO SYSTEMS, INC., a Minnesota corporation, and DEBORAH MASANZ,

Defendants-Appellees;

---

Appeal from Judgment of the District Court for the District of Minnesota

---

# REPLY BRIEF OF APPELLANT

---

Robert J. Bruno
ROBERT J. BRUNO, LTD.
1601 East Highway 13, #107
Burnsville, Minnesota 55337
Tel: 952-890-9171

*Attorney for Appellant*

**EXHIBIT B**

## TABLE OF CONTENTS

Table of Authorities..........................................................................ii

Argument..........................................................................1

I. THE DISTRICT COURT'S FAILURE TO IMPOSE THE STATUTORY PENALTY OF UP TO $100 PER DAY WAS AN ABUSE OF DISCRETION..........................................................1

A. Standard of Review..........................................................1

B. The District Court's Decision Is Based On Erroneous Views of the Law..........................................................1

1. The District Court's Exclusive Use of a "Necessity Of Punishment" Standard Violates Settled Law.........2

2. Regular, Ongoing COBRA or ERISA Violations Are Not Required Under Section 1132(c)(1)(A)(2000)...4

C. The District Court's Disregard of the Administrator's Undisputedly Culpable Conduct Is Clearly Erroneous.........5

1. Failure To Send the COBRA Notice..........................8

2. Failure to Maintain Records Of Mailing Is An Intentional Violation of ERISA and COBRA..............9

3. The District Court's Disregard of Testimonial Misconduct Is Clearly Erroneous..........................11

4. Misrepresentations About Plan Records Were Intentionally Misleading..........................................12

5. Misrepresentations of COBRA Rights and Lack of Premium for Mandated Coverage Was Culpable..........................................................13

6. Masanz' Template COBRA Form Is Erroneous.........31

II. THE COURT'S REFUSAL TO AWARD ATTORNEY'S FEES UNDER THE WESTERHAUS FACTORS IS AN ABUSE OF DISCRETION........................................................14

CONCLUSION.........................................................................19

CERTIFICATE OF COMPLIANCE.......................................................20

CERTIFICATE OF VIRUS SCAN.........................................20

# TABLE OF AUTHORITIES

**CASES:**

Baltimore Dairy Lunch, Inc. v. U.S., 231 F.2d 870 (8th Cir. 1956).........6

Brown v. Aventis Pharms., 341 F.3d 822, 825 (8th Cir. 2003)..............2, 3

Chesnut v. Montgomery, 307 F.3d 698, 704 (8th Cir. 2002)................2, 3

Daughtrey v. Honeywell, Inc., 3 F.3d 1488, 1494 (11th Cir. 1993)..........3

Delcastillo v. Odyssey Resource Management, Inc., 320 F.Supp.2d 889 (D.Neb.)..............................................................11

DiSabatino v. DiSabatino Bros., Inc., 894 F.Supp. 810 (D.Del.1995)......6

Fletcher-Merritt v. Noram Energy Corp., 250 F.3d 1174 (8th Cir. 2001)..............................................................17

Jachim v. KUTV, Inc., 783 F.Supp. 1328, 1333-34 (D.Utah1992).........10

Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 948 (8th Cir. 1999).....................................................2, 3, 6

Lincoln Gen. Hosp. v. Blue Cross/Blue Shield, 963 F.2d 1136, 1140 (8th Cir. 1992)..............................................13, 14

Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997)..............................................................1

Pagovich v. Moskowitz, 865 F.Supp. 130 (N.Y.S.D. 1994)...................4

Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92 (D.Puerto Rico 2005)..................................11

Sandlin v. Iron Workers Dist. Council, 716 F.Supp. 571, 574 (N.D.Ala. 1988)..............................................................4

Stanton v. Larry Fowler Trucking, Inc., 52 F.3d 723
(8th Cir. 1995)…………………………………………………………9, 10

**STATUTES:**

29 U.S.C. Sec. 1132(c)(1)(A)(2000)…………………………………………..11

29 U.S.C. Sec. 1166 (2000)……………………………………..……………..9

**OTHER AUTHORITIES:**

Merriam-Webster Dictionary Online…………….……………………………..9

## ARGUMENT

### I. THE DISTRICT COURT' FAILURE TO IMPOSE THE STATUTORY PENALTY OF UP TO $100 PER DAY WAS AN ABUSE OF DISCRETION.

#### A. Standard of Review.

Appellees' assertion at page 22 of their brief that Appellant has ignored the clearly erroneous standard is wholly unfounded. As the Appellant argued in his opening brief, the district court commits an abuse of discretion when it adopts an erroneous view of the law or makes a clearly erroneous assessment of the evidence. Appellant's Br., pp. 16-17, quoting verbatim Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997)("'Abuse of discretion' will be found only when trial court's decision is based on erroneous view of law or clearly erroneous assessment of evidence.)

The district court's abuse of discretion in this case consisted of both erroneous views of the law and clearly erroneous assessments of the evidence.

#### B. The District Court's Decision Is Based On Erroneous Views of the Law.

Contrary to Appellee's assertion that Starr does not "claim that the District Court's decision not to award penalties was based on an

erroneous application of the law," the district court's decision not to award a penalty was based on at least two fundamental errors of law: (1) the substitution of a new "necessity of punishment" standard for the prejudice standard; and (2) requiring that the beneficiary prove regular, ongoing violations of ERISA or COBRA. See, Appellees' Br., at p. 19.

### 1. The District Court's Exclusive Use of a "Necessity Of Punishment" Standard Violates Settled Law.

Instead of considering the prejudice factor and engaging in reasoning about its application, the district court substituted a "necessity of punishment" standard. See Finding, p. 7, Add., p. 7 ("statutory penalty is not necessary as punishment"). Under this reasoning, any conduct which is in good faith escapes punishment regardless of prejudice, because punishment of good faith conduct is not necessary. This "necessity of punishment" standard places exclusive scrutiny on the nature of the administrator's conduct, and ignores the one of the purposes of the penalty, which is to induce future compliance with ERISA and COBRA. Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 948 (8th Cir. 1999).

As the decisions in Kerr, Chesnut, and Brown implicitly recognize, although a plan administrator's misconduct may be merely negligent,

when its effect on the beneficiary is egregiously prejudicial, a penalty may be necessary to impress upon the plan administrator the vital importance of future compliance. Kerr, supra, at p. 948.; Chesnut v. Montgomery, 307 F.3d 698, 704 (8th Cir. 2002); Brown v. Aventis Pharms., 341 F.3d 822, 825 (8th Cir. 2003). Imposing a penalty in such circumstances gives an incentive to eliminate prejudicial conduct in the future.

Appellees offer no reason to disregard the prejudice factor other than that the district court "chose to weigh the second factor more heavily" and that other circuit decisions hold that prejudice is less important than conduct. Appellee's Br., at p. 17. However, Appellee misreads those decisions. Daughtrey stands for the proposition that neither factor is to be considered to the exclusion of the other, and it does not create a hierarchy in the factors. Daughtrey v. Honeywell, Inc., 3 F.3d 1488, 1494 (11th Cir. 1993) ("The district court erred by basing its decision solely on Daughtrey's failure to show prejudice.") The prejudice factor is not meant to reflect compensation to the beneficiary, rather to impress on the administrator the seriousness of

even negligent COBRA violations. The district court erred similarly by basing its decision solely on the conduct factor.

Likewise, the Appellees' citation of Pagovich v. Moskowitz, 865 F.Supp. 130 (N.Y.S.D. 1994) for the proposition that there is a hierarchy in the factors is wholly unwarranted. Id., at p. 137 ("[L]ack of prejudice is not a barrier to the imposition of penalties.") Likewise, Sandlin v. Iron Workers Dist. Council, 716 F.Supp. 571, 574 (N.D.Ala. 1988) stands merely for the proposition that the purpose of the penalty is not compensation, and not for a hierarchy in the factors.

In sum, the substitution of a "necessity of punishment" for the prejudice standard is in derogation of settled law and an abuse of discretion. In addition, there is no support in the law for a hierarchy of the penalty factors. Exclusive reliance on conduct and disregard of prejudice, as the district court did, cannot be a legitimate exercise of discretion because it is based on an erroneous view of the law.

**2. Regular, Ongoing COBRA or ERISA Violations Are Not Required Under Section 1132(c)(1)(A)(2000).**

Next, Appellees argue that the district court was justified in not awarding a penalty because "there was no evidence of a regular, ongoing compliance problem that necessitated punishment." Appellees'

Br., pp. 18-19. Indeed, the district court denied the penalty because the plan administrator's conduct was "different from an ordinary case." Finding, p. 7, Add., p. 7. However, there is no evidence in the record that her COBRA and ERISA violations were an isolated incident. The requirement that Appellant show the COBRA violation to be "regular and ongoing" or the "ordinary case" in order to impose a penalty is a fundamental error of law.

Even if that were a requirement of the law, Starr has met it by showing that the plan administrator violated COBRA in every case by the use of a defective COBRA notice template. See, Brief of Appellant, pp. 32 – 37. Thus, even if Starr is required to show that a COBRA or ERISA violation is present in the "ordinary case," he has met that burden and the district court's disregard of that evidence and its decision to the contrary is against the manifest weight of the evidence.

### C. The District Court's Disregard of the Administrator's Undisputedly Culpable Conduct Is Clearly Erroneous.

The Appellees argue that the administrator's lack of bad faith and lack of evidence of a "willful failure to send the notice" justify the refusal to award a penalty. Appellees' Br., p. 18. The district court's finding of a good faith failure to send the COBRA notice, while having

some evidentiary support in the employer's secret continuation of coverage beyond the termination date,[1] ignores the administrator's culpability and ignores all of the undisputed, substantial, and weighty evidence of the administrator's other culpable conduct related to the notice. As a result, it is clearly erroneous. Baltimore Dairy Lunch, Inc. v. U.S., 231 F.2d 870 (8th Cir. 1956)

> A judgment of District Court is 'clearly erroneous' so as to warrant reversal by Court of Appeals when there is no substantial evidence to support it, when it is against the clear weight of evidence, or when it is induced by erroneous view of the law.

at p. 871.

The first penalty factor is "nature of the plan administrator's conduct," not bad faith as Appellees argue. Kerr, supra, at p. 948. This may devolve into an inquiry as to good faith or bad faith and such characterizations are useful badges of culpability, but it also involves consideration of breach of fiduciary duty, intentionally unreasonable or deceptive misconduct, or intentional disregard of statutory duties.

---

[1] In one decision the court was compelled to impose a penalty despite the fact that the employer had gratuitously provided former employee and his spouse with health care coverage from date he was terminated and continued to do so to date. DiSabatino v. DiSabatino Bros., Inc., 894 F.Supp. 810 (D.Del.1995).

Appellant has gathered all of the administrator's violations under the rubic of "bad faith," but regardless of their characterization the record is replete with undisputed instances of culpable misconduct which must be considered under the "nature of the plan administrator's conduct" factor. Only by ignoring most of these instances of misconduct could the district court conclude that the plan administrator acted in good faith. The district court's repeated disregard of the weight of that evidence is clearly erroneous.

The district court did not find, nor do the Appellees argue that the plan administrator was not culpable, that her misconduct did not breach her fiduciary duty to the Appellant, or that her misconduct did not breach the requirements of ERISA and COBRA. In fact, Appellees admit culpability of the plan administrator and breach of her fiduciary duties when they point out that her failure to send a COBRA notice was a "mistake," that she "forgot" that she had either given Starr's COBRA notice to CFO Meyers or he took it from her, that she made "misrepresentations" to Appellant in her September 5, 2000 letter, that she "mistakenly" inserted the wrong premium amount on the numerous re-created COBRA notices, that the numerous contradictions in her

testimony were mere "confusion, mistake, or faulty memory" in spite of having almost five years to reconstruct the events that led to this litigation, and that Starr's ability to call Masanz or consult with a "benefit expert" excused the lack of premium and misstatements of law in the notice. Appellees' Br., pp. 3 ("forgot"); p. 9 (she "would forget" about Meyers having the Starr notice; p. 12 ("mistake" as to premium), p. 20 ("mistake" as to notice), p. 26 ("mistake" as to notice), p. 29 ("nothing precluding him from calling"), p. 31 ("confusion, mistake, or faulty memory" as to her contradictory testimony), p. 32 ("misrepresentations" as to her September 5, 2000 letter).

**1. Failure To Send The COBRA Notice.**

Appellees refer to a "non-COBRA related disruption in Masanz's standard creation and mailing procedure" as the reason why she failed to send the COBRA notice. Appellees' Br., at p. 25. Indeed, the district court made a similar finding of fact. Finding of Fact, ¶ 11, 14, and 15, Add., pp. 3-4. How a confiscation and concealment of the COBRA notice by Metro's CFO, either with or without the administrator's knowledge, could be characterized as a "non-COBRA related disruption" is confounding. In addition, the district court was confronted with

contradictory testimony from the plan administrator herself that prevented the court from determining whether the involvement of Meyers was voluntary or involuntary, or how his involvement could have prevented Masanz from sending the notice. It is highly unlikely that Masanz could have been prevented by Meyers, against her will or without her knowlege, from mailing out the COBRA notice.

Masanz' contradictory and inconclusive testimony about her handling of the notice and her involvement of Meyers in the process is slim evidence of good faith on her part. At best, her conduct is culpably negligent and the district court's decision to the contrary is contrary to the evidence.

**2. Failure to Maintain Records Of Mailing Is An Intentional Violation of ERISA and COBRA.**

This court's decision in Stanton v. Larry Fowler Trucking, Inc., 52 F.3d 723 (8th Cir. 1995) is clear that § 1027 requires the administrator to maintain records that notice was given under COBRA. Id., p. 727 ("[An] administrator . . . is required under § 1027 to maintain records evidencing the notice given pursuant to § 1166(a)(4).") Appellees argue that "neither Stanton or § 1027, however, specifies that such records must be in writing." Appellees' Br., p. 26. What the Appellees could be

referring to here by non-writing "records" is not revealed in their brief. Merriam-Webster Dictionary Online defines "record" as:

> **1 :** the state or fact of being recorded **2 :** something that records : as **a :** something that recalls or relates past events **b :** an official document that records the acts of a public body or officer **c :** an authentic official copy of a document deposited with a legally designated officer **d :** the official copy of the papers used in a law case.

The definition specifically refers to tangible evidence of an event as opposed to an intangible recollection of the plan administrator. Appellees simply do not explain how the plan administrator has complied with the requirements of Stanton by her failure to keep a record that notice was given.

Appellees cite Jachim v. KUTV, Inc., 783 F.Supp. 1328, 1333-34 (D.Utah1992) for the proposition that having no records is sufficient compliance with COBRA. Appellees' Br., p. 26. A review of the decision reveals that the existence of records of mailing was not an issue in the case, and there is nothing in the opinion that indicates whether such records were kept or not.

It appears to be the intentional and routine practice of the plan administrator to keep no record of mailing. That disregard of the records requirement is the reason this litigation was necessary. Such

an intentional disregard of § 1027 is bad faith, and neither Appellees nor the district court offer any justification of any substance for such disregard. If Appellant is required to offer evidence of a regular, ongoing violation of ERISA and COBRA, he has done so and the district court's disregard is clearly against the weight of the evidence.

**3. The District Court's Disregard of Testimonial Misconduct Is Clearly Erroneous.**

Appellees argue that 29 U.S.C. § 1132(c)(1)(A)(2000) does not apply to any misconduct other than the failure to give notice, and does not "provide a means of punishing a witness that testifies falsely." Appellees' Br., p. 31. This argument unsupported by any authority and is contrary to reported decisions that take into account all of the plan administrator's conduct related to the notice. In Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92 (D.Puerto Rico 2005), the court took into account in determining the amount of penalty that the former employer routinely did not provide COBRA notifications and/or did not retain COBRA records. Likewise, in Delcastillo v. Odyssey Resource Management, Inc., 320 F.Supp.2d 889 (D.Neb.2004), the court considered in connection with penalty imposition that the co-employer failed to act to remedy the situation, in

spite of plan participants' repeated phone calls and continued to be reluctant to admit any responsibility for participants' predicament.

In addition, because Starr has never received a COBRA notice he continues to have coverage and be a beneficiary of the plan. As a result, the failure to send notice is ongoing and the plan administrator continues to owe a fiduciary duty toward him, which includes the duty not to testify falsely.

**4. Misrepresentations About Plan Records Were Intentionally Misleading.**

Although the district court found that the misrepresentations in Masanz' September 5, 2000 letter were based upon good faith belief that she had sent the March 3, 2000 notice, it cannot be denied that her misrepresentation that she had a record of mailing was made with the bad faith intent to deceive the Appellant about the existence of her records in order to deter him from making a claim against the plan. The district court engaged in double-speak when it stated that "[h]er belief that she had given timely notice does not excuse the misrepresentations, but does mitigate a finding of bad faith." App., p. 407. Her belief about mailing the notice bears no relationship to her misrepresentation about her records. It is undeniable that her

misrepresentation about the existence of records was intentional and in bad faith. Appellees dispute that the re-creation of the notice was without an intention to mislead, but they do not dispute that the misrepresentation about records of mailing was made with the intent to deceive. Appellees' Br., p. 32. The district court's finding is contrary to the manifest weight of the evidence.

**5. Misrepresentations of COBRA Rights and Lack of Premium for Mandated Coverage Was Culpable.**

Appellants argue that the deficiencies in the COBRA notice are irrelevant because there was no need for the court to analyze the administrator's COBRA template when the it found that the notice was not sent. Appellants' Br., pp. 27-28. This argument is disingenuous in the face of other arguments and the district court's finding that Starr has not shown a pattern or repeated COBRA violations. See, Appellees' Br., pp. 18-19 ("there was no evidence of a regular, ongoing compliance problem that necessitated punishment."); Finding, p. 7, Add., p. 7. (The plan administrator's conduct was "different from an ordinary case.")

In response to the argument that the notice contained statements contrary to law, Appellants argue that "there would have been nothing precluding him from calling Masanz for clarification or consulting a

benefit expert for further explanation of his rights." Appellants' Br., p. 29. However, the standard set forth in Lincoln Gen. Hosp. v. Blue Cross/Blue Shield, 963 F.2d 1136, 1140 (8th Cir. 1992) is that the notice must "adequately inform[] [the qualified beneficiary] of the coverage she was entitled to receive and the money that she owed in order to maintain this coverage." False representations about the coverage and the lack of a premium for mandated medical and dental coverage render the COBRA notice template inadequate as a matter of law under Lincoln General. There is no support in Lincoln General for the argument that the ability to call the plan administrator or consult a beenfits expert, cures an otherwise defective notice.

## II. THE COURT'S REFUSAL TO AWARD ATTORNEY'S FEES UNDER THE WESTERHAUS FACTORS IS AN ABUSE OF DISCRETION.

The Appellees' discussion of the first Westerhaus factor, culpability of the Appellees' conduct, refers to the other portions of their brief. Appellees' Br., p. 35. However, the other portions of their brief deal solely with the conduct of the plan administrator and not the employer. In fact, the court found that the failure to send the COBRA notice was due to the interference by the employer's CFO, William

Meyers. Finding, ¶ 11, Add., p. 3. Meyers either took the notice or it was sent to him where it was saved to an area of the server that was inaccessible to the administrator. Id.

Although the plan administrator's conduct was culpable for all of the reasons stated above, at the very least, the interference in the COBRA notice and record-keeping process by the employer was culpable. The district court's failure to find that the first Westerhaus factor did not favor Starr, at least against the employer, is against the clear weight of the evidence.

Both the Appellants and the district court agree that the third Westerhaus factor, deterrent effect, favors Starr. Appellees' Br., pp. 35-36; App., p. 407. However, it was improper for the district court to use the first factor to obviate the analysis under this factor. App., p. 407 ("That Defendants' failures in this case were neither in bad faith nor willful, however, mitigates this factor's weight.") The factors are separate considerations and are not intended to be used to cancel each other out. At the very least, it cannot be denied that an award of attorney's fees will deter the employer from future interference in the administrator's notice process.

As to the fourth factor, Appellees invite this Court to examine Starr's complaint to determine if it pleads that the employer used a defective COBRA notice form. Appellees' Br., p. 37. However, Starr's complaint pleads that he received no notice and the employer pleaded the affirmative defense that notice was given. There is no opportunity under the Rules of Civil Procedure for the plaintiff to interpose a pleading after the Answer such that Starr could have pleaded the defects in the notice form.

Appellees then assert without citation that "there was no general claim that Masanz and Metro regularly failed to provide timely COBRA notification such that Starr's lawsuit might shed light on a greater problem." Id. Starr was aware, however, from before this litigation was commenced what the employer contended was the COBRA form that they used. T., pp. 98-99, 103-05; Appellees' Br., p. 12. Starr asserted the form's defects at the first opportunity, during his summary judgment motion, which the district court refused to rule, and he continued to assert the form's defects throughout the litigation and post-trial motions.

The bottom line is that Starr has pointed out a systemic problem and the plan administrator would be foolish not to change her form in response to Starr's suggestions. All of the employee beneficiaries of the Appellees have benefited from Starr's arguments.

As for the fifth factor, the Appellees argue that their belief about the merits is the equivalent of the court's finding to the contrary on the merits and therefore the fifth factor doesn't favor Starr. Appellants' Br., p. 38. However, Appellees' beliefs are irrelevant and do not affect the fifth Westerhaus factor.

Appellees cite Fletcher-Merritt v. Noram Energy Corp., 250 F.3d at 1181 for the proposition that both sides can have merit. However, Fletcher-Merrit is distinguishable. In that case, both sides were relying on the expert testimony of their physician to resolve the issue of whether the beneficiary was disabled. In the instant case, the Appellees had the burden of proof that notice was given and they had no direct proof that it was. In addition, the Appellees' testimony was so riddled with contradictions that the court was prevented from a full explanation of why they did not comply with COBRA.

The relative merits under the fifth Westerhaus factor requires the

Court to compare the merits of the two sides. Starr carried his burden of proving that he received no notice and the defendants were not able to carry their burden of proof that they had given notice. Starr has carried his burden that the Appellees' conduct was culpable, that Appellees have failed in their statutory duty to keep records that COBRA notices are given, that the plan administrator has breached her fiduciary duties to provide notice, keep records, and refrain from misrepresentations to the beneficiary, and that the administrator's COBRA template is fatally defective. Appellees belief about whether a notice was given or about any of the merits of the case is irrelevant. The merits clearly favor Starr.

Contrary to Appellees' unsupported assertions that Appellant has "shifted from" his argument that the dependent is entitled to a separate notice, Starr has maintained that argument continuously from the inception of the case. Cf., Brief of Appellees, pp. 4, 39 and App., pp. 24, 339. As for the unsupported argument that Starr "shifted to" an argument that the alleged COBRA notice had the wrong zip code, Starr has always maintained that argument and has never directly or indirectly asserted otherwise.

In sum, all of the Westerhaus factors favor Starr and the district court's findings to the contrary are against the clear weight of the evidence or are induced by erroneous views of the law.

## CONCLUSION

The plaintiff respectfully requests that the district court's judgment be reversed with clear instructions to impose a substantial penalty on the plan administrator and award reasonable attorney's fees.

Dated: April 14, 2006.

Respectfully submitted,

s/ Robert J. Bruno

Robert J. Bruno
Attorney Reg. No. 12415
ROBERT J. BRUNO, LTD.
1601 E. Highway 13, #107
Burnsville, MN 55337
952-890-9171
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that the Reply Brief of Appellant is proportionately spaced, has a typeface of 14 points or more and contains 3,608 words of text according to Microsoft Word 2002's word count function, except for Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Virus Scan.

Dated: April 14, 2006.

s/ Robert J. Bruno
Robert J. Bruno

Attorney for Appellant

## CERTIFICATE OF VIRUS SCAN

Pursuant to Eighth Circuit Rule 28A(d), I certify that the diskettes containing the Reply Brief of Appellant enclosed with this submission and served on opposing counsel, were scanned for viruses using Norton Anti-Virus 2005 on April 12, 2006, and were found to be free of viruses.

Dated: April 14, 2006.

s/ Robert J. Bruno
Robert J. Bruno

Attorney for Appellant