UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Starr, individually and as the father and natural guardian of Gabrielle Cotton,

Plaintiff,

v.

Civ. No. 01-1122 (JNE/SRN)
ORDER

Metro Systems, Inc., and Deborah Masanz,

Defendants.

Gary Starr brought this action against his former employer, Metro Systems, Inc., and Deborah Masanz, the administrator of the company's plan under the Employee Retirement Income Security Act, alleging that they failed to provide him with notification of his right to continue insurance coverage as required by the Consolidated Omnibus Budget Reconciliation Act. After a bench trial, the Court awarded Starr the amount of medical expenses he incurred from August to October 2000 minus co-payments and premiums from March through October 2000. The Court also awarded pre-judgment interest to Starr. The Court declined to impose a statutory penalty on Defendants and denied Starr's motion for attorney fees. Starr appealed the denial of his requests for attorney fees and a statutory penalty. The United States Court of Appeals for the Eighth Circuit reversed the denial of Starr's motion for attorney fees and affirmed the denial of his request for a statutory penalty. *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040-42 (8th Cir. 2006). Thus, the case is before the Court to award attorney fees to Starr.

Starr seeks an award in the amount of $65,084.54, which includes $64,500 in attorney fees and $584.54 in travel expenses and shipping fees. In support of his request for fees, he asserts that his attorney, Robert Bruno, spent 189.7 hours on the litigation through trial and post-judgment motions before this Court, that his attorney devoted 68.3 hours to the litigation on

appeal and remand, and that a reasonable hourly rate is $250. The product of the hours and the rate yields the amount Starr requests for attorney fees.

Although they acknowledge that Starr is entitled to an award of attorney fees, Defendants contend that the amount requested is excessive. They assert that the Court has the discretion to decline to award fees that Starr incurred on appeal, that the hours devoted to the litigation are excessive, and that application of one hourly rate to the tasks performed by Starr's counsel is not appropriate.

The Court first considers whether to award attorney fees that Starr incurred on appeal. Rule 47C of the Eighth Circuit Rules of Appellate Procedure states that "[a] motion for attorney fees . . . must be filed with the clerk within 14 days after the entry of judgment." 8th Cir. R. 47C(a). It also provides that "a motion for attorney fees may be remanded to the district court." 8th Cir. R. 47C(b). "The policy behind Rule 47C is that fee awards should be determined by the court most familiar with the legal services in question." *Little Rock Sch. Dist. v. Arkansas,* 127 F.3d 693, 696 (8th Cir. 1997).[1] Consequently, in any case before the Eighth Circuit, parties who seek attorney fees incurred on appeal should file a motion with the court of appeals. *Id.* Nevertheless, a district court has the ability to decide issues related to attorney fees incurred on appeal where the court of appeals has not decided them. *Id.* at 696-97. In this case, the record is sufficiently detailed to permit the Court to make a fair award that includes attorney fees incurred in appeal. *See id.* Accordingly, the Court rejects Defendants' argument that the award to Starr should not include any fees that he incurred on appeal.

To calculate an award of reasonable attorney fees, a court uses as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

---

[1] Although Rule 47C was revised after *Little Rock School District*, the rule in its present form is essentially identical to the version interpreted in that case.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* In addition, hours not "reasonably expended" must be excluded from the initial calculation. *Id.* at 434. The court may adjust the fee calculation based on several factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 434 n.9 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The initial calculation usually accounts for many of the factors. *Id.* Explicit and exhaustive analysis of the factors is not required in every case. *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

The Court begins by determining the number of hours reasonably expended on the litigation by Starr's attorney. In an affidavit dated September 29, 2005, Bruno summarizes the hours that he devoted to the litigation through trial and post-judgment motions. The summary differs from the time records that he maintained in the following ways: (1) there are no time records for several dates on the summary; and (2) the amount of time on one time record differs from the amount of time on the summary.[2] The failure to keep contemporaneous time records

[2] There are no time records for the following dates in the summary: May 2001; February 13, 2002; February 14, 2002; February 22, 2002; April 10, 2002; April 29, 2002; July 31, 2003; January 17, 2005; January 31, 2005; February 5, 2005; September 22, 2005; September 23,

does not necessarily preclude recovery of attorney fees, and reconstructed records can support a fee application where they satisfactorily document time expended. *See MacDissi v. Valmont Indus., Inc.*, 856 F.2d 1054, 1061 (8th Cir. 1988). Here, Bruno asserts that time records maintained during the litigation provide the basis for his description of the services he performed and that he is not seeking fees for time not recorded. In light of Bruno's statements, the Court has no reasonable basis to award fees for the hours that Bruno's time records do not document. *See id.* Exclusion of the hours in the September 29 affidavit that are not supported by Bruno's time records yields 165.3 hours. The Court finds that Bruno reasonably expended these hours on the litigation. Accordingly, the Court includes them in calculating the award to Starr.

As to the hours expended on appeal and remand, Starr asserts in an affidavit dated September 15, 2006, that they amount to 68.3 hours. Exclusion of the hours in the September 15 affidavit for the reasons set forth above leaves 64.3 hours.[3] Of these hours, Bruno devoted more than forty hours to legal research and the preparation of appellate briefs. The issues ultimately appealed by Starr were the subject of briefing before this Court, but the Court accepts Bruno's representation that the amount of time devoted to the appeal and remand was reasonable. Accordingly, the Court includes an additional 64.3 hours in calculating the award to Starr.

Having determined the number of hours reasonably expended on the litigation by Starr's counsel, the Court determines a reasonable hourly rate. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). In determining a reasonable hourly rate, a district

---

2005; September 29, 2005; and September 30, 2005. The amount of time on the March 5, 2002, time record differs from the amount of time on the affidavit.

[3] There are no time records for the following dates in the September 15 affidavit: November 1, 2005; August 25, 2006; September 14, 2006; and September 15, 2006. The amount of time on the January 11, 2006, time record differs from the amount of time on the affidavit.

court may rely on its own knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The Court regards the hourly rate in Bruno's affidavit as reasonable. Application of this rate, $250 per hour, to the hours reasonably expended on the litigation, 229.6 hours, yields an initial calculation of reasonable attorney fees in the amount of $57,400.

One adjustment to the initial calculation is warranted. Starr presented two issues to the Eighth Circuit: (1) whether this Court abused its discretion by declining to impose a statutory penalty in the amount of $201,900 on Defendants; and (2) whether this Court abused its discretion by declining to award Starr $47,425 in attorney fees. As noted above, the Eighth Circuit reversed on the second issue but affirmed on the first. Because Starr's success on appeal was partial, a reduction is warranted. *See id.* at 1026-27. The Court concludes that a reduction of approximately half of the hours reasonably spent researching and briefing the appeal is appropriate. Accordingly, the Court reduces the award of attorney fees by $5,000. *See id.*

In addition to an award based on the time devoted to the litigation by his attorney, Starr seeks to recover $488.03 for travel expenses arising out of his attorney's appearance before the Eighth Circuit. The travel expenses are reasonable and properly included in the award of attorney fees to Starr. *See id.* at 1027.

Starr also seeks to recover $96.51 for expenses incurred in shipping a memorandum and an appendix to the Eighth Circuit. He may attempt to recover these expenses in a bill of costs submitted in accord with this District's practice. *See generally* Fed. R. App. P. 39(e) (listing costs on appeal that are taxable in district court); 8th Cir. R. 39A(a)(5) ("Parties cannot recover costs for overnight or special delivery."); *Emery*, 272 F.3d at 1048 (affirming denial of reimbursement for postage where district court found postage was part of office overhead).

In short, the Court awards reasonable attorney fees to Starr in the amount of $52,888.03.

Therefore, IT IS ORDERED THAT:

1. Defendants shall pay Starr $52,888.03.

Dated: November 21, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge